Bether WELLS, Appellant,

v.

Isabell WYNN and Nathaniel Wynn,
Appellees.

No. 6751.

District of Columbia Court of Appeals.

Argued March 7, 1973.

Decided Dec. 3, 1973.

King David, Washington, D. C., for appellant.

Before KELLY, FICKLING and HARRIS, Associate Judges.

HARRIS, Associate Judge:

Appellant was bitten by appellees' dog, and sued for damages. During the non-jury trial, appellees moved to have the action dismissed for want of prosecution. The transcript reveals the trial court's serious concern as to that issue. The ultimate ruling, however, was in favor of the defendants on the merits, there having been no showing that they knew (or should have known) that their dog was vicious.[1] We do not reach the liability question, concluding that the complaint should have been dismissed for want of prosecution as a matter of law.[2]

Mrs. Wells regularly passed the Wynns' home on her way to and from work. Ear-

---

1. At common law, the owner of a dog was not liable for personal injuries inflicted by the animal unless he knew or should have known of the dog's vicious propensities. The application of this common law principle has been somewhat modified by the enactment of local ordinances which prohibit dogs from running at large. D.C. Police Reg. Art. 18, §§ 2–3; see Karlow v. Fitzgerald, 110 U.S. App.D.C. 9, 288 F.2d 411 (1961); see also Duffy v. Gebhart, 52 Del. 312, 157 A.2d 585 (1960); Butler v. Frieden, 208 Va. 352, 158 S.E.2d 121 (1967).

2. Such a holding is consistent with the result reached below. As stated in Jones v. District of Columbia, D.C.Mun.App., 123 A. 2d 364, 365 (1956):
 It is established doctrine that an appellate court may sustain a correct judgment on a different ground than that adopted by the trial court. (Footnote omitted.)

ly on the morning of February 28, 1967, as she walked along the sidewalk in front of the Wynns' residence, she was bitten by their dog. The dog was not leashed.[3] Mr. Wynn took Mrs. Wells into his home immediately, after which the Wynns took appellant to Providence Hospital. The wound was cleansed and bandaged, although no stitches were required. Mr. Wynn paid the emergency room bill of $7.-50, and drove Mrs. Wells to her place of employment. Later, Mrs. Wynn took Mrs. Wells to the Wynns' personal physician, whose bill they also paid. One week after the incident, Mrs. Wells made the first of five visits to a doctor of her own choosing. The charges for his treatment, in the total amount of $80, became part of the evidence at the trial.

The complaint was filed on June 5, 1968. Service of process was not effected until March 22, 1972. No alias summons was issued during the intervening 45-month period. The trial court repeatedly probed for a satisfactory explanation for the delay, but none was presented.

 A plaintiff is required to pursue his cause of action with due diligence. A delay which is unexplained (and thus unexcused) and of long duration may constitute such a lack of diligence as to require dismissal of an action as a matter of law. Shakesnider v. Rosenfeld, D.C.Mun. App., 144 A.2d 106 (1958). *See also* Haber & Co. v. Goins, D.C.Mun.App., 145 A. 2d 452 (1958); Steele v. General Baking Co., D.C.Mun.App., 101 A.2d 845 (1954). We conclude that the delay in achieving service of process compels such a result here. The case is remanded with directions to set aside the judgment for defendants on the merits and enter an order dismissing the action for want of prosecution.

3. There were two versions of the incident. Mrs. Wells testified that Mr. Wynn was working under the hood of his car while it was parked in front of his house, and that the dog was outside with him. Mr. Wynn testified that he had just parked his car in his driveway after a shopping trip on which he had taken the dog, and that the dog was free only long enough to go from the car to the house.