Lenore **CAMERON**, Appellant,

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, et al.,** Appellees.

No. 93–CV–444.

District of Columbia Court of Appeals.

Submitted Sept. 20, 1994.

Decided Oct. 24, 1994.

---

Donata L. Edwards was on the brief, for appellant.

Robert L. Polk, Gen. Counsel, Robert J. Kniaz, Deputy Gen. Counsel, and Gerard J. Stief, Associate Gen. Counsel, were on the brief, for appellee Washington Metropolitan Area Transit Authority.

Edward J. Longosz, II and Adam W. Smith were on the brief, for appellees Westinghouse Elevator Co. and Schindler Elevator Corp.

Before FERREN and TERRY, Associate Judges, and REILLY, Senior Judge.

TERRY, Associate Judge:

This is an appeal from a trial court order denying appellant's motion to reinstate her complaint, which had been dismissed for failure to comply with Super.Ct.Civ.R. 4(j). Appellant contends that the trial court's refusal to reinstate her complaint was arbitrary and an abuse of discretion and that it was the result of bias. We hold that these claims are without merit and affirm the trial court's order.

## I

■ On September 8, 1992, appellant filed a negligence complaint in the Superior Court in which she alleged that she sustained injuries when she fell on a malfunctioning escalator in a subway station on September 9, 1989.[1] She named as defendants the Washington Metropolitan Area Transit Authority (WMATA), Westinghouse Elevator Company, and Schindler Elevator Corporation.[2] Copies of the complaint were served by a private process server on all three defendants on November 9, 1992, but appellant failed to file proof of such service within sixty days from the filing of the complaint, as required by Civil Rule 4(j).[3] Consequently, on November 24 the clerk of the court entered an order dismissing appellant's complaint, without prejudice, for failure to file the necessary affidavits.[4]

On December 11, when the parties came to court for a previously scheduled status conference, the court informed them that the case had been dismissed on November 24. On December 24 appellant filed a motion to reinstate the complaint. The court denied the motion, however, on the ground that "there is no basis under either Civil Rule 4(j) or 41(b) for the requested relief in view of Plaintiff's failure to comply with these provisions...." From that order appellant brings this appeal.

## II

■ At all times relevant to this case, Superior Court Civil Rule 4(j)[5] provided:

(j) *Time limit for service.* Within 60 days of the filing of the complaint, *the plaintiff must file proof of service* of the summons, the complaint and any order directed by the Court to the parties at the time of filing. The proof shall be filed as to each defendant who has not responded to the complaint. Prior to the expiration of the foregoing time period, a motion may be made to extend the time for service.

---

1. We note that the complaint was filed one day before the three-year statute of limitations expired. *See* D.C.Code § 12–301(8) (1989).

2. It appears from the complaint that WMATA owns the escalator, Westinghouse installed it, and Schindler maintains it.

3. The sixtieth day after the filing of the complaint was November 7. Since that was a Saturday, the last day for complying with Rule 4(j) was the following Monday, November 9. *See* Super.Ct.Civ.R. 6(a).

4. Rule 4(j) expressly authorizes the clerk to enter such an order.

5. Subsection (j) was added to the rule in September 1990, effective January 1, 1991. *See* Order of the Chief Judge, 118 Daily Wash.L.Rptr. 2353 (1990). The rule was slightly amended in 1993, but that amendment has no bearing on this case.

The motion must set forth in detail the efforts which have been made, and will be made in the future, to obtain service. The Court shall extend the period for service for such time as may be warranted by circumstances set forth in the motion. *Failure to comply with the requirements of this Rule shall result in the dismissal without prejudice of the complaint.* The Clerk shall enter the dismissal and shall serve notice thereof on all the parties entitled thereto. [Emphasis added.]

The language of this rule is plain and unambiguous. The rule states that the plaintiff *must* file proof of service within sixty days from the filing of the complaint and that failure to do so *shall* result in dismissal. Although appellant actually served all three defendants, the rule requires that proof of service be filed with the court. Contrary to appellant's argument, the mandatory language does not permit the court to exercise any discretion. Thus we hold that the trial court properly dismissed appellant's complaint under Rule 4(j); indeed, it had no other choice.

▇ Appellant further contends that the trial court abused its discretion in denying her motion to reinstate the complaint. In that motion appellant cited Super.Ct.Civ.R. 41(b), which provides that an order of dismissal for failure to effect service within the time prescribed by Rule 4(j) shall not take effect until fourteen days after it is docketed and "shall be vacated upon the granting of a

motion filed by plaintiff within such 14 day period showing good cause why the case should not be dismissed."[6] Thus appellant had a chance to have the dismissal order set aside within fourteen days if she could show good cause for her lack of compliance with Rule 4(j).

Appellant, however, did not file her motion to reinstate the complaint until December 24, thirty days after the order of dismissal was entered and sixteen days beyond the limit allowed by Rule 41(b). Moreover, in her motion appellant failed to offer any showing of good cause for her failure to adhere to the time requirement of Rule 4(j). Instead, she merely asserted that reinstatement of the complaint would not be prejudicial to the defendants, but that failure to reinstate it would be prejudicial to her. On appeal she makes the same assertion.

The District of Columbia Circuit, in addressing a similar argument as it related to a failure to effect service within the time allotted under FED.R.CIV.P. 4(j),[7] has held that the trial court's determination "that good cause has not been shown ... will be affirmed unless it is clearly an abuse of discretion." *Pellegrin & Levine, Chartered v. Antoine,* 295 U.S.App.D.C. 190, 196, 961 F.2d 277, 283 (1992) (citations omitted). The court said that "the 'good cause' inquiry under Rule 4(j) implicates the reason for failure to effect service, not the severity of the consequences." *Id.* (citations omitted). The Seventh Circuit has taken a similar position with

6. Rule 41(b) provides in pertinent part:
For failure of the plaintiff to prosecute or to comply with these Rules or any order of the Court ... the Court may, sua sponte, enter an order dismissing the action or any claim therein. *Any order of dismissal entered sua sponte, including a dismissal for failure to effect service within the time prescribed by Rule 4(j), shall not take effect until fourteen (14) days after the date on which it is docketed and shall be vacated upon the granting of a motion filed by plaintiff within such 14 day period showing good cause why the case should not be dismissed.* Unless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits. [Emphasis added.]
The italicized language was added to the rule in 1990, effective January 1, 1991, by the same order that added Rule 4(j). *See* 118 Daily Wash. L.Rptr. at 2363.

7. Super.Ct.Civ.R. 4(j) corresponds to former FED. R.CIV.P. 4(j), which provided in pertinent part:
If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
The federal rule was amended in 1993 and redesignated as Rule 4(m). It now states that "if the plaintiff shows good cause for the failure [to effect service within 120 days], the court shall extend the time for service for an appropriate period."

respect to the relationship between prejudice and good cause:

> As for the first two factors—prejudice to the plaintiffs and lack of prejudice to the defendants—while we cannot say that such considerations are irrelevant to a good cause determination, they cannot by themselves provide good cause for the failure to make service within the [applicable] period.... These considerations have to do with the gravity and equity of a dismissal for improper service, but they do not go toward an explanation for the failure ... to achieve proper service. At the very least, they would have to be accompanied by some showing of reasonable diligence in attempting to comply with the rules.

*Tso v. Delaney*, 969 F.2d 373, 377 (7th Cir. 1992) (citations omitted). Thus, even if Rule 41(b) allowed appellant to get over the hurdle of her untimely filing, her motion did not show good cause for her failure to comply with Rule 4(j).[8]

Appellant relies heavily on the assertion that she did not know her case had been dismissed until the initial status conference on December 11. We find this argument unconvincing, given the fact that the missing affidavits were filed on December 1. Their filing suggests that, at a minimum, appellant knew the affidavits had to be filed. When her counsel took them to the clerk's office on December 1, even a casual review of the case file should have alerted counsel to the dismissal order if she was not already aware of it.[9] She then would have had an opportunity to move to vacate the order (upon a showing of good cause) within the fourteen days allowed by Rule 41(b), which did not expire until December 8.

■ In a variety of circumstances, this court has routinely placed on counsel the responsibility to keep abreast of the status of the case. For example, in *Pryor v. Pryor*, 343 A.2d 321 (D.C.1975), we held that "the time for filing a notice of appeal runs whether or not the notice is sent or received.... Thus, lack of knowledge of the entry of judg-ment occasioned by failure to receive the clerk's notice does not, without more, constitute grounds for a finding of excusable neglect." *Id.* at 323 (citations omitted); *accord, Washington Metropolitan Area Transit Authority v. Brown*, 619 A.2d 1188, 1192 (D.C. 1993); *see also Brown v. Cohen*, 505 A.2d 77, 79 (D.C.1986) (plaintiff "must inquire within a reasonable time about the status of his case and take appropriate steps to bring his case to trial"). Similarly, in *Wells v. Wynn*, 311 A.2d 829, 830 (D.C.1973), we held that a long and unexplained delay in serving process constituted a lack of diligence and required dismissal as a matter of law. While the lapse of time in this case was not as long as those in such cases as *Brown* or *Wells*, the principle on which those decisions are based is applicable here, namely, that counsel has a duty to pay attention to filing deadlines and not to let one go by in any pending case without doing whatever needs to be done.

■ Appellant's underlying argument before us is that it is "within the trial judge's discretion, through the inherent powers of the court, to reinstate the matter." This argument confuses the trial court's discretion with the standard of review on appeal. The proper question at this stage is whether or not the trial court has abused its discretion. We will not disturb the dismissal of a complaint under Rule 41(b) "absent clear evidence of abuse." *Techniarts Video, Inc. v. 1631 Kalorama Associates*, 572 A.2d 1051, 1054 (D.C.1990) (citation omitted); *accord, Taylor v. Washington Hospital Center*, 407 A.2d 585, 590 (D.C.1979), *cert. denied*, 446 U.S. 921, 100 S.Ct. 1857, 64 L.Ed.2d 275 (1980). On the facts before us, even if it could be shown that the trial court retained some discretion to decide whether to reinstate appellant's case, there is no showing that its discretion was abused.

Finally, appellant maintains that the denial of her motion to reinstate her complaint was the product of bias. Appellant offers no evidence whatever, nor any authority, to support this assertion. Rather, she reiterates

---

8. Appellant never sought relief under Super.Ct.Civ.R. 60(b), and thus we do not consider whether that rule would warrant reinstatement of her complaint.

9. It appears from the record that notice of the order may have been sent to the wrong attorney.

her argument that the judge had discretion to reinstate the case. For the reasons we have already stated, we are satisfied that the judge did not abuse his discretion. Nor do we find anything in the record that would indicate even the slightest degree of judicial bias. We agree with an observation by the Supreme Court in a recent case:

> [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion.... In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), they ... can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.

*Liteky v. United States,* —— U.S. ——, ——, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994) (citation omitted). Appellant's claim of bias is entirely without merit.

The order denying appellant's motion to reinstate her complaint is therefore

*Affirmed.*[10]

---

**10.** In view of our holding, we need not consider WMATA's alternative argument that appellant's complaint failed to state a claim upon which relief could be granted. *See* Super.Ct.Civ.R. 12(b)(6).