Marion DORSEY, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 02–CV–448.

District of Columbia Court of Appeals.

Argued May 5, 2003.
Decided June 19, 2003.
Amended Dec. 31, 2003 *.

Frederic W. Schwartz, Jr., Washington, DC, with whom James W. Taglieri, was on the brief, for appellant.

Mary L. Wilson, Assistant Corporation Counsel, with whom Arabella W. Teal, Interim Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for appellee.

Before STEADMAN, Associate Judge, PRYOR and KING, Senior Judges.

AMENDED OPINION

KING, Senior Judge:

Marion Dorsey appeals the trial court's grant of the District of Columbia's motion to dismiss the complaint, its dismissal of the complaint with prejudice, and its denial, as moot, of her motion under Super. Ct. Civ. R. 41(b) (2002) for leave to serve

* The original opinion is published at 827 A.2d 32 (D.C.2003).

Corporation Counsel and reinstate her case against the District of Columbia. We affirm the trial court's grant of the motion to dismiss and the dismissal with prejudice. We also affirm the denial of the motion to reinstate.

## I.

Dorsey, who allegedly slipped and fell on ice on January 14, 1999, filed a personal injury suit against the District of Columbia on January 11, 2002, served the Mayor on January 14, and filed an affidavit of service on January 30. On March 21, 2002, under Super. Ct. Civ. R. 41(b), the District moved to dismiss arguing that Dorsey failed to serve Corporation Counsel as required by Super. Ct. Civ. R. 4(j) (2002) and failed to file proof of service upon Corporation Counsel pursuant to Super. Ct. Civ. R. 4(m) (2002). The judge granted the District's motion to dismiss stating that Dorsey "failed to comply with mandatory rules . . . ."

Further, in her opposition to the District's motion to dismiss, Dorsey also moved pursuant to Rule 41(b) for leave to serve Corporation Counsel and to have her case reinstated. The judge denied that motion on the ground that, the complaint having been dismissed with prejudice, the motion to reinstate was moot. This appeal followed.

## II.

■ Dorsey first argues that she was not required to serve Corporation Counsel. She also claims, nonetheless, that she complied with Rule 4(m). We reject Dorsey's claim that she was not required to serve Corporation Counsel on the authority of *Young v. United States*, 639 A.2d 92, 97 n. 8 (D.C.1994), because it was raised for the first time on appeal. Moreover, her claim fails on the merits. She argues that she was not required to serve Corporation

Counsel because D.C.Code § 2–401 (2001) states that "[i]n suits commenced after June 20, 1874, against the District of Columbia, process may be served on the Mayor of the District of Columbia, until otherwise provided by law." Dorsey's reliance on D.C.Code § 2–401 is misplaced, however, because D.C.Code § 11–943(c) (2001), provides that the "manner of service of process shall be prescribed by rule of the court." Rule 4(j), therefore, supplements D.C.Code § 2–401 by providing that in order to effect proper service upon the District a plaintiff must serve the Mayor *and* Corporation Counsel. Therefore, because Dorsey failed to serve Corporation Counsel, service on the District was not proper.

■ Dorsey also argues for the first time on appeal that despite her failure to serve Corporation Counsel, the trial court erred in dismissing her claim under Rule 4(m), which provides that "proof shall be filed as to each defendant." Although we reject that claim on the authority of *Young, supra,* the claim also fails on the merits. In support of her claim, Dorsey contends that when she filed proof of service upon the Mayor, she filed proof of service upon the District, which is the only defendant in the case, and thus she did not need to file proof of service upon Corporation Counsel. We disagree.

Dorsey's reading of Rule 4(m) is contrary to the plain language of Rules 4(j) and 4(m), which must be read together. Reading Rule 4(m) in conjunction with Rule 4(j), proof of service upon *both* the Mayor and Corporation Counsel is required to be filed. *See McMasters v. United States*, 260 F.3d 814, 817–18 (7th Cir.2001) ("[I]n order to properly serve the United States or its agencies, corporations or officers, plaintiff must deliver a copy of the summons and the complaint" to both

the "United States Attorney's office for the district in which the action is brought" and the Attorney General.); *Tuke v. United States,* 76 F.3d 155, 157 (7th Cir.1996) (stating that service on both the United States Attorney and Attorney General is essential because "that's what the rule says"). In the event of noncompliance, the plain language of Rule 4(m) "compels automatic dismissal," *Gross v. District of Columbia,* 734 A.2d 1077, 1086 (D.C.1999) (quoting to *Wagshal v. Rigler,* 711 A.2d 112, 114 (D.C.1998)), and "does not permit the court to exercise any discretion." *Gross,* 734 A.2d at 1086 (quoting *Cameron v. Washington Metro. Area Transit Auth.,* 649 A.2d 291, 293 (D.C.1994)). Because it is undisputed in this case that Dorsey failed to file proof of service upon Corporation Counsel, the trial court did not err in granting the District's Rule 41(b) motion to dismiss.

Finally, Dorsey wrongly contends that even if Rule 4(m) required the dismissal of her complaint, the trial judge erred in dismissing it *with* prejudice because Rule 4(m) provides that the complaint be dismissed *without* prejudice. In this case even if the trial court had dismissed Dorsey's complaint without prejudice, any refiled complaint would not have been viable because, as all parties were fully aware, the statute of limitations period governing Dorsey's claim expired three days after the complaint was filed. Therefore, the trial judge did not commit reversible error in dismissing Dorsey's complaint with prejudice. *Wagshal,* 711 A.2d at 113 (stating "because the statute of limitations had run, [a dismissal without prejudice pursuant to Rule 4(m) ] would in effect be a dismissal with prejudice").

## III.

■ Although we are dubious of the ground ("mootness") relied upon by the trial court in denying the motion to reinstate, the trial court correctly denied the motion for another reason and we affirm on that ground. *See Sheetz v. District of Columbia,* 629 A.2d 515, 519 n. 5 (D.C. 1993) ("the judgment of the trial court may be affirmed on a ground not raised or considered below") (citation omitted); *Marinopoliski v. Irish,* 445 A.2d 339, 340 (D.C.1982) (quoting *Helvering v. Gowran,* 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224 (1937)).

■ Rule 41(b) allows the trial court to vacate a dismissal only after the plaintiff has shown good cause.[1] In applying Rule 41(b) to a dismissal, "the principal factor to be considered [by the trial court] in the good-cause inquiry is the *reason for the plaintiff's failure to comply with the rule.*" *Bulin v. Stein,* 668 A.2d 810, 815 (D.C. 1995) (citing *Cameron, supra,* 649 A.2d at 293–94) (emphasis supplied). The case law is clear that only after the plaintiff provides some explanation for the failure to comply (even if insufficient in itself to constitute good cause) does the door open for the exercise of discretion by the trial judge to take into account the plaintiff's explanation and other factors, such as prejudice to the plaintiff, lack of prejudice to the defendant, and due diligence, when determining whether to reinstate the case. *Id.* at 294; *Wagshal,* 711 A.2d at 116. Therefore, when a plaintiff's Rule 41(b) motion to reinstate fails to proffer any explanation for not complying with the rules, the trial court is obligated to deny the motion without first considering the other factors.

---

1. Although the second sentence of Rule 41(b) literally applies only to *sua sponte* dismissals, it also makes specific reference to dismissals under Rule 4(m), and we construe the "good cause" language of Rule 41(b) to apply to the instant reinstatement motion. *See Wagshal,* 711 A.2d at 117 (comparing the more stringent "excusable neglect" in Rule 60(b)).

In her opposition to the motion to dismiss and in her motion to reinstate, Dorsey offered no explanation for her failure to comply with the service requirement of Rule 4(j), *i.e.,* her failure to serve Corporation Counsel. Instead, Dorsey merely argued to the trial court that the District was not prejudiced by her failure because the District was on notice due to her proper service of the Mayor. In *Cameron* we said:

> [W]hile we cannot say that such considerations [of prejudice to the plaintiffs and lack of prejudice to the defendants] are irrelevant to a good cause determination, they cannot by themselves provide good cause for the failure to make service within the [applicable] period . . . *and do not go toward an explanation for the failure* . . . to achieve proper service.

*Id.,* 649 A.2d at 294 (citing *Tso v. Delaney,* 969 F.2d 373, 377 (7th Cir.1992)) (emphasis supplied). Because Dorsey did not meet her initial burden of offering some explanation for her failure to serve Corporation Counsel, we conclude that the trial court was obligated to deny the motion to reinstate. Therefore the trial court did not err in doing so.

*Affirmed.*