Avonda J. THOMPSON, Appellant

v.

DISTRICT OF COLUMBIA, Appellee

No. 03–CV–1153.

District of Columbia Court of Appeals.

Submitted Oct. 28, 2004.

Decided Dec. 16, 2004.

James Brewster Hopewell was on the brief for appellant.

Robert J. Spagnoletti, Attorney General for the District of Columbia, Edward E. Schwab, Deputy Attorney General, and James C. McKay, Jr., Senior Assistant Attorney General, were on the brief for appellee.

Before TERRY and WASHINGTON, Associate Judges, and PRYOR, Senior Judge.

TERRY, Associate Judge:

This is an appeal from an order of the Superior Court denying appellant's motion to reinstate her complaint, which had been dismissed because of her failure to comply with Super. Ct. Civ. R. 4(j). Appellant contends that the trial court committed reversible error, both in granting the motion of the District of Columbia to dismiss her complaint and in denying her motion under Super. Ct. Civ. R. 41(b) to reinstate the complaint. We find no error in either ruling, and thus we affirm both the trial court's grant of the motion to dismiss and its denial of the motion to reinstate.

I

On April 14, 2003, appellant Thompson filed a complaint against the District of Columbia, the District of Columbia Fire Department, and William McCluskey, a fireman employed by the District of Columbia, for personal injuries she sustained on April 26, 2000, when a fire truck driven by McCluskey allegedly struck the rear of

appellant's car while it was lawfully stopped at an intersection. The complaint alleged that McCluskey "operat[ed] that motor vehicle [the fire truck] in a negligent manner."[1]

Appellant mailed the summons and complaint to the Corporation Counsel[2] on April 16. On June 23 the District of Columbia[3] filed a motion to dismiss, arguing that the complaint against it should be dismissed for insufficiency of service of process because appellant failed to serve the Mayor, as required by Super. Ct. Civ. R. 4(j).[4] Appellant filed an opposition, arguing that she had substantially complied with Rule 4(j) by serving the Corporation Counsel.

The trial court granted the District's motion to dismiss. In its order the court said:

> Plaintiff admitted that the Mayor was not specifically served a copy of the summons. *See* Opposition at 3–5. Super. Ct. Civ. R. 4(j) requires that both the Mayor and the Corporation Counsel shall be served. Service was required to be effected within sixty days of the filing

of the complaint. *See* Super. Ct. Civ. R. 4(m). The record does not contain an affidavit of service on the Mayor. Therefore, the case is dismissed, with prejudice.

Appellant then filed a "motion to revise" the order dismissing the case. For the most part, the arguments in support of that motion were substantially identical to those she had made in her initial opposition to the District's motion to dismiss. Appellant also contended that the complaint should be reinstated pursuant to Super. Ct. Civ. R. 41(b) for good cause shown.[5] Further, she asserted, but without any additional supporting argument, that the order should be set aside under Rule 59, 60(b)(1), 60(b)(5), or 60(b)(6). The trial court, treating the "motion to revise" as a motion to vacate the dismissal and reinstate the complaint, denied the motion, and appellant noted this appeal.

## II

### A. *Rules 4(j) and 4(m)*

■ Appellant argues that the trial court erred when it granted the District's

---

1. McCluskey was later dismissed as a defendant pursuant to D.C.Code § 2–415 (2001). Appellant does not challenge that dismissal.

2. While this appeal was pending, the title of the District's chief attorney was changed. The Corporation Counsel is now officially known as the Attorney General for the District of Columbia. *See* Mayor's Order No.2004–92, 51 D.C. Register 6052 (May 26, 2004). Since this case arose before that change was made, however, we shall use the term "Corporation Counsel" throughout this opinion to refer to the officer now known as the Attorney General.

3. There is no record of service on the District of Columbia Fire Department. In any event, the Fire Department was properly dismissed as a defendant because it is not a suable entity. *See, e.g., Braxton v. National Capital Housing Authority,* 396 A.2d 215, 216–217 (D.C.1978) ("bodies within the District of Co-

lumbia government are not suable as separate entities"). Appellant did not oppose that dismissal.

4. Rule 4(j) provides in part:

> (1) Service shall be made upon the District of Columbia by delivering ... or mailing ... a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee).

5. Rule 41(b) provides in part:

> Any order of dismissal entered *sua sponte,* including a dismissal for failure to effect service within the time prescribed in Rule 4(m) ... shall be vacated upon the granting of a motion filed by plaintiff within [14 days after the order was docketed] showing good cause why the case should not be dismissed.

motion to dismiss for improper service of process. She maintains that "the purpose of Rule 4(j) is substantially satisfied by service of process on the Corporation Counsel, since [he] is a statutory agent of the mayor," and that dismissal would severely prejudice her because, by the time the dismissal was entered, the three-year statute of limitations [6] had run. Appellant's argument is without merit.

■ The language of Rule 4(j) is clear and unambiguous; see note 4, *supra*. As this court has specifically held, "in order to effect proper service upon the District, a plaintiff must serve the Mayor *and* Corporation Counsel." *Dorsey v. District of Columbia*, 839 A.2d 667, 668 (D.C.2003) (emphasis in original). In addition, Rule 4(m) requires that proof of service be filed "as to each defendant." If such proof of service is absent, "the plain language of Rule 4(m) compels automatic dismissal ... and does not permit the court to exercise any discretion." *Id.* at 669 (citations and internal quotation marks omitted); *accord, Cameron v. Washington Metropolitan Area Transit Authority*, 649 A.2d 291, 293 (D.C.1994). In this case, because appellant did not serve the Mayor, and because proof of service on the Mayor was therefore not filed, the trial court had no choice but to dismiss appellant's complaint for failure to comply with Rules 4(j) and 4(m).[7]

Appellant maintains that she nevertheless "substantially complied" with Rule 4(j) because "[t]he Corporation Counsel is the statutory designee of the Mayor," so that service on the Corporation Counsel is equivalent to service on the Mayor for purposes of Rule 4(j). To support this proposition, appellant relies on D.C.Code § 1–301.111 (2001), which states that the Corporation Counsel "shall be under the direction of the Mayor, and have charge and conduct of all law business of the said District [of Columbia], and all suits instituted by and against the government thereof." Appellant derives from this statute the notion that the Corporation Counsel is the agent of the Mayor, and in particular his agent for the purpose of service of process. Hence, she argues, because Rule 4(j) allows for service of process on the Mayor or his "designee," service on the Corporation Counsel is in legal effect service on the Mayor. She also claims that "[s]ince the Court of Appeals' rule-making power arises from statutes of the District of Columbia, Rule 4(j) cannot overrule the language of the statute." Appellant fundamentally misconstrues both the rules of statutory construction and the nature of this appeal.

■ First, "it is axiomatic that '[t]he words of a statute should be construed according to their ordinary sense and with the meaning commonly attributed to

---

6. D.C.Code § 12–301(8) (2001).

7. Although Rule 4(m) states that the trial court should dismiss the case "without prejudice," we conclude that the court in this instance did not abuse its discretion by dismissing this case with prejudice. As we noted in *Dorsey*, "even if the trial court had dismissed [the plaintiff's] complaint without prejudice, any re-filed complaint would not have been viable because ... the statute of limitations period governing [the plaintiff's] claim expired three days after the complaint was filed." *Dorsey*, 839 A.2d at 669. In the in-

stant case, appellant's complaint was filed on April 14, 2003, just twelve days before the three-year statute of limitations expired. Even if the court had dismissed her case without prejudice, she would not have been able to re-file it within the limitations period. Thus "the trial judge did not commit reversible error in dismissing [the plaintiff's] complaint with prejudice." *Id.; see Wagshal v. Rigler*, 711 A.2d 112, 113 (D.C.1998) ("because the statute of limitations had run, [a dismissal without prejudice] would in effect be a dismissal with prejudice").

them.'" *Peoples Drug Stores, Inc. v. District of Columbia,* 470 A.2d 751, 753 (D.C. 1983) (en banc) (citations omitted). The same is true for rules. Rule 4(j) is explicit in its requirement that service of process shall be effected on both the Corporation Counsel *and* the Mayor. Thus service upon the Corporation Counsel alone is not sufficient; under the plain language of the rule, both must be served. The word "and" permits no other interpretation.

This is particularly true in light of the well-established rule that we "must give effect to all of the provisions of [a statute], so that no part of it will be either redundant or superfluous." *Office of People's Counsel v. Public Service Comm'n,* 477 A.2d 1079, 1084 (D.C.1984) (citations omitted). If we were to accept appellant's assertion that service on the Corporation Counsel alone is enough to satisfy the requirements of Rule 4(j) because the Corporation Counsel is the "designee" of the Mayor under D.C.Code § 1–301.111, the phrase in the rule requiring delivery of the summons and complaint "to the Mayor of the District of Columbia (or designee) and" the Corporation Counsel would be meaningless. To avoid such an untenable result, we must read Rule 4(j) to mean that service of process on the Corporation Counsel is not the same as service of process on the Mayor or his designee, and that each must be separately served in order to comply with the rule.

Moreover, as we noted in *Dorsey,* "D.C.Code § 11–943(c) (2001) provides that the 'manner of service of process shall be prescribed by rule of the court.'" 839 A.2d at 668. Thus, because we have before us a question involving service of process on the District of Columbia, we must look to the rules of the Superior Court— not the D.C.Code—to determine what manner of service is proper in a case such as this. The provision of the Code which

appellant cites, section 1–301.111, is unrelated to service of process, and hence it cannot be said to override the specific rules relied upon by the trial court in determining whether appellant complied with relevant procedural mandates. Thus it was entirely proper for the court to dismiss the case for failure to comply with the clear and unambiguous mandates of Rules 4(j) and 4(m).

### B. *Rules 41(b), 59, and 60*

Appellant also maintains that the trial court erred when it denied her motion for relief under Civil Rules 41(b), 59, and 60. In particular, she claims that the court should have granted the motion because she showed good cause for failing to serve both the Corporation Counsel and the Mayor, and because she was severely prejudiced by the dismissal. We reject this argument as well.

"Rule 41(b) allows the trial court to vacate a dismissal only after the plaintiff has shown good cause." *Dorsey,* 839 A.2d at 669. Moreover, as this court said in *Wagshal, supra* note 7, "[t]he decision whether to vacate a dismissal under Rule 41(b) is clearly a matter of trial court discretion." 711 A.2d at 114. We will not disturb the trial court's determination that good cause has not been shown without a clear showing of abuse of discretion. *Cameron,* 649 A.2d at 293. The principal factor that the trial court must consider is the plaintiff's reason for failing to comply with the rule. *See, e.g., Dorsey,* 839 A.2d at 669; *Bulin v. Stein,* 668 A.2d 810, 815 (D.C.1995); *Cameron,* 649 A.2d at 293–294. Only after the plaintiff has provided "some explanation for the failure to comply (even if insufficient in itself to constitute good cause)" may the trial court consider prejudice to the plaintiff, lack of prejudice to the defendant, and due diligence (*i.e.,* "some showing of reasonable diligence in at-

tempting to comply with the rules," *Wagshal,* 711 A.2d at 116) in deciding whether the complaint should be reinstated. *Dorsey,* 839 A.2d at 669; *accord, Wagshal,* 711 A.2d at 114.

Appellant's stated reason for failing to comply with Rule 4(j) is that her counsel believed "that serving the Mayor's attorney and statutorily designated agent, the Corporation Counsel, met the requirements of the rule." This explanation is patently insufficient under *Dorsey.* The District states in its brief that the *Dorsey* court "implicitly rejected the idea that Dorsey's mistake as to her legal obligation to serve both the Mayor and the Corporation Counsel was an 'explanation' or 'reason' under this analysis." In this respect, however, the District misreads *Dorsey.* In *Dorsey* the plaintiff offered no explanation whatever for her failure to comply with Rule 4(j); instead, she simply argued that "the District was not prejudiced by her failure because the District was on notice due to her proper service of the Mayor." 839 A.2d at 670. In other words, she moved on to "the severity of the consequences" without ever offering a reason for her non-compliance with the rules. *See Cameron,* 649 A.2d at 293. That is not what happened here.

Appellant did offer a reason: counsel's mistaken belief that he had substantially complied with Rule 4(j) by serving only the Corporation Counsel. While that reason does not itself constitute good cause, it is nonetheless an explanation. Because appellant thus met her initial burden of offering a reason for her failure to comply, the

trial court could reasonably look at other factors such as prejudice to the plaintiff, lack of prejudice to the defendant, and due diligence in deciding whether to reinstate the case. *See Dorsey,* 839 A.2d at 669. Here the court did so, and then denied appellant's motion to set aside the order of dismissal.[8] On the record before us, we see no abuse of discretion in that ruling.

While it is true that appellant will be unable to re-file her case if we affirm the dismissal because the statute of limitations has now expired, it is also true that this result could have been avoided by simple due diligence on appellant's part; indeed, even a cursory reading of Rule 4(j) reveals that service upon both Corporation Counsel *and* the Mayor is required. Unlike the plaintiff in *Bulin,* for example, who attempted numerous times to serve an elusive defendant to no avail, appellant made no attempt whatsoever to serve the Mayor, and apparently no attempt even to discern the actual requirements of Rule 4(j). *See Bulin,* 668 A.2d at 815–816. The trial court thus acted well within its discretion in concluding that appellant did not show good cause for vacating the dismissal.

 Finally, appellant offers no support in her brief for her argument that the action should be reinstated under Rules 59 and 60, nor did she offer any in her motion below. She merely reiterates on appeal that "dismissal of this action [would] cause severe harm to the appellant . . . ." That is plainly inadequate. In any event, Rule 59, which deals with procedures and grounds for granting a new trial, is on its face

---

8. It is difficult to determine from the record whether the trial court took any of these factors into account, since it denied appellant's "motion to revise" without elaboration. Because appellant made substantially the same arguments below that she makes in this appeal, however, including those supporting her claim of good cause, we can reasonably infer that the court duly considered the arguments relating to each factor before deciding to deny the motion.

inapplicable to the instant case. With regard to Rule 60, and in particular Rule 60(b)(1),[9] this court has noted that the "excusable neglect" factor upon which appellant apparently relies [10] "would appear, if anything, a more limiting standard than Rule 41(b)'s facially broader language whether the movant has shown good cause why the case should not be dismissed." *Wagshal,* 711 A.2d at 117 (citation and quotation marks omitted). Thus, because the trial court did not abuse its discretion in ruling that appellant failed to show good cause, appellant "can hardly expect to find more ready relief under the more generic Rule 60(b); quite the contrary." *Id.*

For all of these reasons, the orders granting the District's motion to dismiss and denying appellant's motion to reinstate her complaint are both

*Affirmed.*[11]

---

9. Rule 60(b)(1) states that the trial court "may relieve a party ... from a final judgment, order, or proceeding for ... [m]istake, inadvertence, surprise, or excusable neglect ...."

On this record, we see no basis for relief under either Rule 60(b)(5) or Rule 60(b)(6).

10. In her argument relating to Rule 41(b), appellant states: "If the court concludes that appellant's counsel's interpretation of the rule was erroneous, at the very least it should be ruled to be excusable neglect, and not a basis for dismissing this action."

11. The District also argues in the alternative that the complaint failed to state a claim upon which relief could be granted. *See* Super. Ct. Civ. R. 12(b)(6). The complaint alleged "negligence" in the operation of an emergency vehicle, whereas D.C.Code § 2–412 (2001) provides that the District can be liable only for "gross negligence" in actions of this kind. *See, e.g., District of Columbia v. Henderson,* 710 A.2d 874, 876–877 (D.C.1998); *District of Columbia v. Walker,* 689 A.2d 40, 46 (D.C. 1997). Since we affirm the dismissal on other grounds, we need not address this alternative argument.