James MURRAY, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 03–CV–1155.

District of Columbia Court of Appeals.

Submitted Dec. 13, 2004.
Decided Jan. 24, 2005 *.

James Murray, filed a brief pro se.

Robert J. Spagnoletti, Attorney General for the District of Columbia, Edward E. Schwab, Deputy Attorney General, and William J. Earl, Assistant Attorney General, filed a brief for the District of Columbia.

Before SCHWELB, FARRELL and WASHINGTON, Associate Judges.

SCHWELB, Associate Judge:

James Murray, a District of Columbia prisoner presently serving his sentence in Coleman, Florida, brought this action *pro se* and *in forma pauperis* against the District of Columbia. Murray alleged in his complaint that while he was imprisoned at Lorton Reformatory, he was unlawfully placed in solitary confinement in reprisal for exercising his constitutional rights, in violation of the First and Fifth Amendments to the Constitution of the United States. On September 17, 2003, the trial court granted the District's unopposed motion to dismiss the complaint without prejudice for the alleged failure on Murray's part to complete service of process. Murray now appeals. Because Murray failed to respond to the District's motion, and

* The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment on January 24, 2005. It is now being published by direction of the court.

because it was within the trial judge's discretion to treat the unopposed motion as conceded, we affirm.

## I.

Murray filed his complaint on June 10, 2003. On June 28, in conformity with Rules 4(j) and 4(c)(3) of the Superior Court's Rules of Civil Procedure, Murray sent copies of the summons, the complaint, and the trial court's initial order, by certified mail, to the appropriate designees of the Mayor and the Corporation Counsel.[1] Murray received a return receipt which disclosed that the Mayor's designee had received the mailed material on July 2, 2003. He did not, however, receive a return receipt from the Corporation Counsel.[2]

On August 4, 2003, pursuant to Super. Ct. Civ. R. 4(m), Murray filed a Declaration of Proof of Service, which was accompanied by receipts from the Postal Service showing that he had sent the summons, complaint, and initial order to the designees of the Mayor and of the Corporation Counsel, and that the Mayor's designee had received the documents. Murray's Declaration was not, however, accompanied by proof of receipt by the Corporation Counsel's designee.

On August 20, 2003, the District filed a motion to dismiss the complaint for incomplete service of process. In its supporting memorandum of points and authorities, the District claimed that Murray had mailed the summons and accompanying papers to the Corporation Counsel's designee by

first class mail, rather than by certified mail; in fact, Murray attempted service both by first class mail and by certified mail. Murray did not file an opposition to the motion, and on September 17, 2003,[3] the trial judge, noting in a handwritten interlineation that the motion was unopposed, dismissed Murray's complaint without prejudice.

## II.

 Service upon the District of Columbia may be effected by "delivering . . . or mailing . . . a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee)." Super. Ct. Civ. R. 4(j). If service is by mail, it must comply with Super. Ct. Civ. R. 4(c)(3), which provides that as to any defendant described, *inter alia*, in Rule 4(j), service may be effected "by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested." As we have very recently reiterated, "in order to effect proper service upon the District, a plaintiff must serve the Mayor *and* Corporation Counsel." *Thompson v. District of Columbia,* 863 A.2d 814, 817 (D.C.2004) (quoting *Dorsey v. District of Columbia,* 839 A.2d 667, 668 (D.C.2003)) (emphasis in *Dorsey* ). Moreover, Rule 4(m) provides, with exceptions not here applicable, that the plaintiff must, within sixty days of the filing of the complaint, file "either an acknowledgment of service or proof of service of the summons. . . ."

---

1. On May 26, 2004, the Office of the Corporation Counsel for the District of Columbia was renamed the Office of the Attorney General for the District of Columbia. *See* Mayor's Order 2004–92, 51 D.C. Reg. 6052 (2004). In the Rules cited herein, however, the Office is referred to as the Office of Corporation Counsel, and we therefore use that terminology.

2. On July 29, 2003, Murray filed a motion for service of the complaint by the United States Marshal Service. This motion was still pending when Murray's complaint was dismissed.

3. The order was docketed and mailed on September 24, 2003.

The District contends that service is not complete even where, as here,

1. the plaintiff has done all that he is required to do, *i.e.*, he has sent the required documents by certified mail both to the Mayor and to the Corporation Counsel; *and*

2. although there is no acknowledgment of receipt by the Corporation Counsel, the Corporation Counsel has in fact received the materials and has used them to move to dismiss the action.

The soundness of this contention is not obvious, and no case cited to us addresses the precise question. The language of Rule 4(c)(3), quoted above, indicates that service is effected by *mailing a copy* of the summons and other papers by certified mail, which suggests that proof of actual receipt may not necessarily be required in every case.

We conclude, however, that this is not an appropriate case for deciding whether, under these circumstances, the lack of a receipt from the Corporation Counsel's designee was fatal to Murray's attempt to serve the District. Although he is evidently an energetic *pro se* litigant, Murray did not oppose the District's motion to dismiss, and he has proffered no justification for his failure to do so. The precise question which might otherwise be dispositive has not been briefed, and there has been no adversarial crossing of swords with respect to it.

 "If a statement of opposing points and authorities is not filed within the prescribed time, the [c]ourt may treat the motion as conceded." Super. Ct. Civ. R. 12–I(e). This language is precatory, not mandatory, and the trial judge was not

*required* to grant the District's motion solely because it was unopposed. *Nat'l Voter Contact, Inc. v. Versace*, 511 A.2d 393, 397 (D.C.1986). Nevertheless, this was a discretionary call, and Murray has not shown that the trial judge abused her discretion, for it certainly is not obvious that service was complete without the missing receipt from the Corporation Counsel's designee. The claims being made by Murray on appeal, *e.g.*, that the Corporation Counsel *intentionally* avoided acknowledgment of service, were not presented to the trial court, and no factual record in support of them was made. Accordingly, the order dismissing Murray's complaint without prejudice[4] is

*Affirmed.*

---

4. As the District points out in its brief, the statute of limitations applicable to Murray's claim is tolled by his imprisonment at the time his claim accrued, D.C.Code § 12–302(a)(3) (2001), and Murray is free to reinstitute his action.