**Jerome S. WAGSHAL, Appellant,**

v.

**Douglas V. RIGLER and Julius Kaplan, Appellees.**

**No. 96–CV–549.**

District of Columbia Court of Appeals.

Argued Sept. 25, 1997.

Decided May 14, 1998.

Jerome S. Wagshal, pro se appellant.

Douglas V. Rigler, pro se appellee, with whom Julius Kaplan, pro se appellee, was on the brief.

Before TERRY, STEADMAN and RUIZ, Associate Judges.

STEADMAN, Associate Judge:

Unlike its federal counterpart, Superior Court Civil Rule 4(m) requires that both

---

1. The complaint alleged breach of contract and failure to render an accounting based on a dispute over the sharing of legal fees between Wagshal and the Kaplan, Russin & Vecchi ("KRV") law firm, to which Rigler and Kaplan belonged.

2. The affidavit of service on Rigler was filed on July 5; the affidavit of service on Kaplan was filed one day later.

3. Wagshal also sought relief under Superior Court Civil Rules 1, 4, and 6.

4. For reasons not revealed in the record, the clerk reinstated the complaint on July 13, 1995. The trial court seems to have treated Wagshal's motion for relief as if it were related to an order

service of process and the filing of proof of such service be accomplished within sixty days of the filing of every civil complaint. On April 28, 1995, appellant Jerome S. Wagshal, a retired attorney appearing *pro se*, filed suit against appellees Douglas V. Rigler and Julius Kaplan, also *pro se* attorneys.[1] Wagshal served process on Kaplan and Rigler on June 15 and June 22, 1995, respectively, within sixty days after the filing of the complaint. However, he did not file proof of service until July 5, 1995, eight days beyond the sixty-day period of Rule 4(m).[2]

As a consequence of the failure to timely file proof of service, the Clerk of the Superior Court, pursuant to Rule 4(m), entered a dismissal of the complaint without prejudice on July 5, 1995. In fact, however, because the statute of limitations had run, this would in effect be a dismissal with prejudice assuming that Rigler and Kaplan raised that defense in a new action. Learning of the dismissal, Wagshal, two days later, filed a motion to vacate the dismissal under Rule 41(b), which provides in pertinent part:

> Any order of dismissal entered sua sponte, including a dismissal for failure to effect service within the time prescribed in Rule 4(m), shall not take effect until fourteen (14) days after the date on which it is docketed and shall be vacated upon the granting of a motion filed by plaintiff within such 14 day period showing good cause why the case should not be dismissed.[3]

The trial court "reluctantly" denied Wagshal's motion, ruling that his proffered explanations for failing to file timely proof of service did not demonstrate good cause.[4]

---

to show cause why the complaint should not again be dismissed. The court itself summarily denied the motion for relief and dismissed the complaint by order docketed on August 4, 1995. Wagshal then filed a motion for reconsideration, to which the court applied a Rule 41(b) "good cause" analysis in a five-page written opinion docketed April 4, 1996. Since the parties do not explicitly address the propriety of these procedural maneuvers, we decline to do so. Regardless of whether the clerk or the court should have entered the dismissal, Rule 41(b) is applicable and will be considered, and the court's decision of April 4, 1996, will be deemed the relevant discretionary ruling.

The decision whether to vacate a dismissal under Rule 41(b) is clearly a matter of trial court discretion. *Cameron v. Washington Metro. Area Transit Auth.,* 649 A.2d 291, 294 (D.C.1994). However, it is a fundamental principle of appellate deference to the exercise of discretion that it must be undertaken with a proper appreciation of all relevant factors, including the range of such discretion. *See, e.g., Smith v. Alder Branch Realty Ltd. Partnership,* 684 A.2d 1284, 1289 (D.C.1996); *In re D.R.M.,* 570 A.2d 796, 803 (D.C.1990); *Johnson v. United States,* 398 A.2d 354, 363–65 (D.C.1979). In *Bulin v. Stein,* 668 A.2d 810, 815 (D.C.1995) (citing *Cameron, supra,* 649 A.2d at 293–94), we recognized that the trial court's exercise of discretion under Rule 41(b) must, for Rule 4(m) dismissals,[5] include (1) consideration of the reasons for the plaintiff's failure to comply with the rule, and (2) prejudice to the plaintiff and lack of prejudice to the defendant accruing from the dismissal. Furthermore, we have suggested that other factors are relevant, such as the plaintiff's efforts to comply with the civil-procedure rules generally. *See Cameron, supra,* 649 A.2d at 294. It appears to us that the trial court here misconceived its discretionary powers by focusing only on the excuses offered for Wagshal's failure to comply with Rule 4(m) and not properly considering all the factors, including prejudice and general compliance with the civil-practice rules, relevant to the good-cause determination. Accordingly, we vacate the order appealed from and remand the case for a renewed exercise of discretion and any further proceedings consistent with this opinion.

## I.

Rule 4(m) provides in relevant part:

*Time limit for service.* Within 60 days of the filing of the complaint, the plaintiff must file either an acknowledgment of service or proof of service of the summons, the complaint and any order directed by the Court to the parties at the time of filing. The acknowledgment or proof shall be filed as to each defendant who has not responded to the complaint. Prior to the expiration of the foregoing time period, a motion may be made to extend the time for service. The motion must set forth in detail the efforts which have been made, and will be made in the future, to obtain service. The Court shall extend the period for such time as may be warranted by the circumstances set forth in the motion. *Failure to comply with the requirements of this Rule shall result in the dismissal without prejudice of the complaint.* The Clerk shall enter the dismissal and shall serve notice thereof on all the parties entitled thereto.

(Emphasis added). The rule confers no discretion in the event of noncompliance; in the most straightforward manner, failure to timely file proof of service compels automatic dismissal. *See Cameron, supra,* 649 A.2d at 293.

However, while this provision operates efficiently to keep civil cases moving expeditiously and to clear the docket of marginal litigation, the rule itself evidences its mechanical rather than dispositive nature. Unlike most dismissals, a dismissal under this rule can only be made without prejudice.[6] Moreover, the trial court has broad power to extend without limitation the period for compliance if timely requested; it shall "extend the period for such time as may be warranted by the circumstances set forth in the motion." Indeed, prior to the revision of Rule 4(m) to provide for automatic dismissal, we had held it to be an abuse of discretion to dismiss a complaint for failure to make sufficient service of process. *Rubin v. Lee,* 577 A.2d 1158, 1161 (D.C.1990).

Furthermore, Rule 4(m) must be read in conjunction with other relevant provisions, several of which provide a safe harbor from its otherwise strict dismissal requirement. Most notably, Rule 41(b), as mentioned above, provides that a Rule 4(m) order of dismissal does not even take effect until four-

---

5. *Bulin* actually applied what was then known as Rule 4(j), which has since been redesignated as Rule 4(m).

6. Indeed, the presumption in most dismissals is that they operate "as adjudication[s] upon the merits," that is, with prejudice. Super. Ct. Civ. R. 41(b).

teen days after the dismissal is docketed, and that such order "shall be vacated upon the granting of a motion filed by plaintiff within such 14 day period showing good cause why the case should not be dismissed." [7]

## II.

The critical question in the case before us is the trial court's treatment of the requirement in Rule 41(b) that Wagshal show "good cause why the case should not be dismissed." Instead of applying this test, the trial court framed the issue as "whether Plaintiff has shown good cause for failure to timely file proof of service." Under this formulation of the good cause analysis, the trial court focused upon the five explanations Wagshal offered for his failure to timely file:

(1) beginning June 22, 1995 he was ill and unable to travel to the District from Rockville, MD to file the affidavits; (2) he was distracted by communications with Defendant Rigler; (3) he purposely waited until the end of the sixty day filing period because of the pendency of a related appeal in the District of Columbia Court of Appeals; (4) although he is a member of the bar, he has been retired since 1986 and was therefore proceeding *pro se;* (5) the civil rules, which have changed since his retirement, are confusing because they reference "time limit for service" and not "time limit for filing affidavit."

The court did not find these excuses particularly persuasive, noting, for example, that despite his illness, Wagshal "was able to make an out-of-town trip June 26, 1995, one day before the filing deadline." Accordingly, the court denied his Rule 41(b) motion, hold-

ing "reluctantly" that Wagshal had not shown good cause "for failing to timely file proof of service." To the extent that the trial court failed to consider further factors, such as prejudice or lack thereof to all parties and general compliance with the civil-practice rules, it misconceived and excessively narrowed the proper test for vacation of Rule 4(m) dismissals prescribed by Rule 41(b) and our case law.[8]

In supporting the denial of Wagshal's Rule 41(b) motion, Rigler and Kaplan heavily rely upon our leading case dealing with Rule 4(m) dismissals, *Cameron, supra,* 649 A.2d at 291. In that case, the plaintiff served all three defendants on the last possible day within the sixty-day time limit, November 9, 1992, but failed to file any proof of service. *Id.* at 292 & n. 3. The clerk accordingly dismissed the complaint on November 24, a fact of which the plaintiff was informed at a status conference on December 11. *Id.* at 292. On December 24, the plaintiff filed a motion to reinstate under Rule 41(b), which the trial court denied. *Id.*

We affirmed, noting that neither before the trial court nor on appeal did the plaintiff offer any showing whatever to explain her failure to comply with the filing requirement of Rule 4(m).[9] *Id.* at 293. Rather, she relied *solely* upon the facts that the dismissal was effectively one with prejudice (because of the running of the statute of limitations) and that the defendants would not be prejudiced, and argued that prejudice alone was sufficient to meet the "good cause" requirement of Rule 41(b). *Id.* We rejected this proposition,

---

**7.** Additionally, Rule 6(b)(2) stipulates that for "cause shown" the court may enlarge a time deadline mandated by the rules, upon motion made after expiration, where "excusable neglect" caused a party's failure to meet the deadline.

Wagshal points to other authorities in support of his position. He cites Rule 1, which provides that the Superior Court Civil Rules are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action." Further, he alerts us to the well-established policy of this jurisdiction favoring resolution of litigation on the merits. *See, e.g., Abell v. Wang,* 697 A.2d 796, 800–01 (D.C.1997); *Thoubboron v. Ford Motor Co.,* 624 A.2d 1210, 1216

(D.C.1993); *Hawkins v. Lynnhill Condo. Unit Owners Ass'n,* 513 A.2d 242, 244 (D.C.1986).

**8.** We have said that a trial court dismissal under Rule 41(b) will not be disturbed absent " 'clear evidence of abuse.' " *Cameron, supra,* 649 A.2d at 294 (quoting *Techniarts Video, Inc. v. 1631 Kalorama Assocs.,* 572 A.2d 1051, 1054 (D.C. 1990)). Even if this principle applies, as *Cameron* suggests, to the vacation of an automatic dismissal under Rule 4(m), it does not avail appellees here since the exercise of discretion was based on an erroneous standard.

**9.** The opinion refers to Rule 4(j), as it was then designated. *See* note 5, *supra.*

quoting from the federal case of *Tso v. Delaney,* 969 F.2d 373, 377 (7th Cir.1992):

> As for the first two factors—prejudice to the plaintiffs and lack of prejudice to the defendants—while we cannot say that such considerations are irrelevant to a good cause determination, they cannot by themselves provide good cause for the failure to make service within the [applicable] period. . . . These considerations have to do with the gravity and equity of a dismissal for improper service, but they do not go toward an explanation for the failure . . . to achieve proper service. At the very least, they would have to be accompanied by some showing of reasonable diligence in attempting to comply with the rules.

*Cameron, supra,* 649 A.2d at 293–94 (alterations and omitted citations in *Cameron* ).[10]

■ We have interpreted *Cameron* to define the proper scope of the trial court's discretion in applying Rule 41(b) to Rule 4(m) dismissals. In *Bulin, supra,* 668 A.2d at 815 (citing *Cameron, supra,* 649 A.2d at 293–94), we acknowledged that "the principal factor to be considered in the good-cause inquiry is the reason for the plaintiff's failure to comply with the rule. We also take into account prejudice to the plaintiff and lack of prejudice to the defendant." (Citation omitted). *See also Ripalda v. American Operations Corp.,* 673 A.2d 659, 661 n. 7 (D.C. 1996); *Pipher v. Odell,* 672 A.2d 1092, 1093 n. 1 (D.C.1996) (prejudice an element of Rule 41(b) inquiry in Rule 4(m) cases). A further factor suggested in *Cameron,* and applied in *Bulin,* was that the trial court should consider whether the plaintiff had made "some showing of reasonable diligence in attempting to comply with the rules." 649 A.2d at

294 (quoting *Tso, supra,* 969 F.2d at 377). Thus, in *Bulin,* we cited the plaintiff's efforts to request extensions of the Rule 4(m) deadline, the repeated efforts to locate the defendant in Germany, and the latter's affirmative efforts to avoid service. 668 A.2d at 811–12, 815–16. Applying all the *Cameron* criteria, we concluded in *Bulin* that the trial court had abused its discretion under Rule 41(b) in refusing to vacate a Rule 4(m) dismissal based on the plaintiff's. failure to serve the defendant.

■ Under the principles enunciated in *Cameron* and *Bulin,* we are constrained to remand for a more complete inquiry into whether, indeed, Wagshal has shown good cause why his complaint should not be dismissed. Factually, this case is quite different from *Cameron* in that Wagshal relied on more than simply the prejudice arising from the Rule 4(m) dismissal. Instead, unlike the plaintiff in *Cameron,* he did provide some explanation for his failure to timely comply with the. proof of service filing requirement.[11] Furthermore, as noted above, prejudice is a relevant consideration, both prejudice to the plaintiff and lack of prejudice to the defendant. This is especially so under the structure of our Rule 4(m), which as already indicated contemplates that the automatic dismissal will normally be without prejudice. The only reference in the trial court's order to prejudice is that relating to the lack thereof to the defendant; the severe prejudice to the plaintiff is not addressed. As to another relevant factor, whether Wagshal exercised "reasonable diligence in attempting to comply with the rules," *see* note 11, *supra,* the record indicates that he effected service within the req-

---

10. It is worth noting, as already alluded to above, a significant difference between Federal Rule of Civil Procedure 4(j) (now Rule 4(m)), applied in the federal cases cited in *Cameron,* and Super. Ct. Civ. R. 4(m). The federal rule only required that actual service be made within one hundred twenty days, and provided that unless the plaintiff could "show good cause why such service was not made within that period," the action should be dismissed. Understandably, then, the focus in the federal cases was on the existence of good cause for failure to make timely service, rather than as in Super. Ct. Civ. R. 41(b), which in this regard has no federal counterpart, the broader inquiry of good cause why the case should not be dismissed.

11. These explanations, while perhaps insufficient, cannot be regarded as trivial. The trial court holding would most likely be sustainable if the issue were as framed by the trial court. But the question in fact was whether good cause existed "why the case should not be dismissed." That required a broader view of the circumstances, in which the explanations offered for the failure to timely comply should be examined not in isolation but in conjunction with other factors relevant to the ultimate issue. Some balancing is called for between the strength of the explanations and the other relevant factors.

uisite deadline, he filed the proof of service within eight days of the deadline, and he filed his Rule 41(b) motion three days after the entry of the dismissal, a showing of diligence in marked contrast to that demonstrated by the plaintiff in *Cameron.*[12]

Note should also be made of the fact that Rule 4(m) requires proof of service only as to "each defendant who has not responded to the complaint." In this proceeding, Wagshal asserts that on June 23, 1995, the next day after he served Rigler, he faxed a request for Rigler's agreement to a stay pending the outcome of an appeal in a related case involving the two men. Thus, within the sixty-day period, communications regarding the pending litigation had commenced between the two *pro se* lawyers. On June 30, just two days after the sixty-day period, Rigler filed a motion to dismiss, thereby entering his appearance. While this response did not strictly fall within the requisite time period, it would not appear to be an irrelevant factor in the totality test of Rule 41(b).

We further observe that very recently, in *Debose v. Ramada Renaissance Hotel,* 710 A.2d 880 (D.C.1998), we reversed a trial court's denial of a motion under Superior Court Civil Rule 60(b)(1) to reinstate a complaint dismissed for failure to timely file proof of service. We did so on the grounds that there, as here, the trial court took an overly limited view of its discretion. In that case, the movant had failed to file a motion to reinstate within the fourteen-day time period set forth in Rule 41(b), and hence had to resort to Rule 60(b)(1). Since necessarily a motion made under Rule 60(b), insofar as directed to the failure to timely file proof of service, cannot be treated on a basis more favorable to the movant than if a timely motion were filed under Rule 41(b), the fac-

tors articulated in *Debose* are directed in the first instance to whether the movant had shown "excusable neglect" for failing to seek relief under Rule 41(b) within the required fourteen-day period. If the trial court should so find, the next step in the inquiry would be to determine whether, assuming the motion had been timely filed under Rule 41(b), relief should be granted under the criteria applying to such determinations, as set out in *Cameron, Bulin,* and this opinion.

By its very wording, the "excusable neglect" criterion of Rule 60(b) would appear, if anything, a more limiting standard than Rule 41(b)'s facially broader language whether the movant has shown "good cause why the case should not be dismissed." *Cf.* Super. Ct. Civ. R. 6(b)(2). *See also* note 13, *infra.* Moreover, a litigant who has failed to timely invoke a rule specifically addressed to a given problem can hardly expect to find more ready relief under the more generic Rule 60(b); quite the contrary. *See Johnson v. Marcheta Investors L.P.,* 711 A.2d 109, 111, 112 (D.C.1998).

There is no need to explore the possibility of additional considerations. It is sufficient to note the apparent misconception of the applicable standard by the trial court and the existence in this case of at least some factors potentially relevant to the broader actual standard of Rule 41(b).[13] Accordingly, we vacate the trial court order appealed from and remand the case for further proceedings consistent with this opinion.

*So ordered.*

---

**12.** In *Cameron,* the plaintiff filed her motion to reinstate thirty days after the dismissal and sixteen days beyond the limit provided in Rule 41(b). 649 A.2d at 293.

**13.** Wagshal presents various other arguments which either repeat the Rule 41(b) claim or are without merit and require no more than passing mention. First, he argues for reversal under the "excusable neglect" standard of Rule 6(b)(2). Since neither party adequately briefs the issue, and because the resolution of this appeal does not so require, we do not comment on "excusable neglect" beyond what has already been noted

above. Second, Wagshal contends that extension of the Rule 4(m) sixty day period was "warranted by the circumstances," as defined by that rule. This argument overlooks the requirement that Rule 4(m) extensions be applied for "[p]rior to the expiration of the foregoing time period." Wagshal made no such timely application. Finally, Wagshal asserts that due process considerations alone require resolution of his case on the merits. To the contrary, the record discloses that he has had several opportunities to litigate his causes of action in other fora and the benefit of a three-year statute of limitations that he failed to take full advantage of.