Lisa **PACKHEISER**, Appellant,

v.

George F. **MILLER**, Appellee.

No. 04–CV–67.

District of Columbia Court of Appeals.

Argued May 12, 2005.

Decided June 2, 2005.

---

Bizunesh K. Talbot, with whom Richard L. Brusca, Washington, DC, was on the brief, for appellant.

Karen Doner, McLean, VA, for appellee.

Before SCHWELB, REID and WASHINGTON, Associate Judges.

REID, Associate Judge:

On May 22, 2003, appellant Lisa Packheiser filed a complaint against appellee George F. Miller, alleging medical malpractice. On November 19, 2003, after several unsuccessful attempts by Ms. Packheiser to serve process on Dr. Miller, Dr. Miller moved to quash service of process and to dismiss the complaint. The trial court granted Dr. Miller's motion and dismissed the complaint. On December 23, 2003, Ms. Packheiser filed a motion to vacate the order pursuant to Super. Ct. Civ. R. 41(b); this motion was denied. On appeal, Ms. Packheiser claims that the trial court abused its discretion in denying her motion to vacate. We reverse and remand.

## FACTUAL SUMMARY

The record before the court shows that on May 22, 2003, Ms. Packheiser, acting *pro se,* filed a complaint against Dr. Miller, her plastic surgeon, alleging medical malpractice stemming from facial plastic surgery. Pursuant to Super. Ct. Civ. R. 4(m), Ms. Packheiser had sixty days from the date of filing her complaint to show proof of service of the summons and complaint on Dr. Miller. On July 22, 2003, exactly sixty days after filing her complaint, Ms. Packheiser filed a praecipe with the trial court alleging that while she had mailed Dr. Miller a copy of the complaint via U.S. Postal Service certified mail, she had failed to receive confirmation of its delivery.[1]

On July 31, 2003, Ms. Packheiser filed a second praecipe with the trial court. Ms. Packheiser explained that she had failed to receive a copy of the "green card" from the Postal Service which would ordinarily act as confirmation of delivery. She stated that in lieu of including the green card in

---

1. Although it was not included in her praecipe, Ms. Packheiser did not attempt to serve Dr. Miller until July 21, 2003, fifty-nine days after filing her complaint.

her filings, she had enclosed "a copy of the actual signed [green] card that [she] received from the Post Office." Ms. Packheiser also attached a computer printout, obtained from the U.S. Postal Service's website, which showed that her complaint was delivered on July 21, 2003.[2] On August 8, 2003, Ms. Packheiser filed a third praecipe with the trial court. She stated that the "Post Office ha[d] apparently misplaced the green card" and that as a result she would not be able to produce it for the trial court.

On August 22, 2003, the trial court held a status conference on Ms. Packheiser's matter. Based upon her earlier representations, the trial court granted Ms. Packheiser's oral motion to extend Rule 4(m)'s sixty-day time period for service of process for an additional sixty days—giving her until October 21, 2003. On August 28, 2003, Ms. Packheiser again attempted to serve process on Dr. Miller via U.S. Postal Service certified mail. On September 23, 2003, Ms. Packheiser filed an affidavit with the trial court claiming that she had served Dr. Miller a copy of the complaint and summons. While acknowledging that "[a]gain, the post office ha[d] not returned the green card," Ms. Packheiser included a computer printout from the Postal Service's website showing that her second attempt at service was delivered on September 4, 2003; however, it failed to indicate who signed for the document or where it was delivered.

On October 21, 2003, Dr. Miller filed a motion to quash service of process and to dismiss the complaint. Dr. Miller argued that Ms. Packheiser had failed to comply with Super. Ct. Civ. R. 4 because she had "not filed an affidavit containing the information required by Rule 4(l)(2)." Specifically, he argued that there were not "any

specific facts from which the [trial] Court [could] determine that the person who signed the receipt [met] the qualifications set forth in Rule 4(e)–(j)." Dr. Miller argued that Ms. Packheiser's complaint should be dismissed because she "had until October 21, 2003 to file a proof of service that meets the requirements of Rule 4(1)(2)." On October 29, 2003, after employing a private process server, Ms. Packheiser was finally able to have Dr. Miller personally served. Ms. Packheiser filed an affidavit of service in the trial court on October 31, 2003.

By order dated November 12, 2003, the trial court denied Dr. Miller's "unopposed" motion to quash service and to dismiss the complaint. The trial court denied Dr. Miller's motion without explanation, although it noted that Ms. Packheiser had filed an affidavit of service. On November 19, 2003, Dr. Miller filed a second motion to quash service and dismiss the complaint, arguing that Ms. Packheiser's complaint should be dismissed because she had failed to offer "proof of service ... within 60 days after filing the complaint" as required by Rule 4. Dr. Miller noted her attempt to serve him on October 29, 2003, was untimely under the trial court's sixty-day extension, which expired on October 21, 2003. The trial court did not immediately rule on Dr. Miller's motion.

A status hearing was held on November 21, 2003. Ms. Packheiser, now represented by counsel, asked the court for an "additional 60 day[ ]" extension pursuant to Super. Ct. Civ. R. (6) "to serve the doctor." Dr. Miller, who was represented by substitute counsel, repeated his argument that the trial court should dismiss Ms. Packheiser's complaint for failing to serve process by October 21, 2003. The

**2.** The printout also showed that Ms. Packheiser's mailing was delivered to "3800 Reservoir [Road]," Dr. Miller's work address, and that "Vincent Johnson III" signed for it.

trial court, however, stated that it did not actually have a copy of Dr. Miller's second motion to dismiss and was therefore reluctant to rule on the matter. Instead, at Ms. Packheiser's suggestion, the trial court scheduled another status conference for December 19, 2003. The trial court stated that they would "discuss service and early mediation . . . on December 19th." Finally, when asked by Ms. Packheiser if she could "respond to the renewed motion to quash," the trial court stated that she "could raise it again at the status hearing."[3]

On December 15, 2003, four days before the scheduled status hearing, the trial court granted Dr. Miller's second motion to quash service and dismiss the complaint. The trial court provided no explanation for its ruling, other than to note that Dr. Miller's motion was "unopposed." On December 23, 2003, Ms. Packheiser filed a motion pursuant to Super. Ct. Civ. R. 41(b) to vacate the trial court's order. This motion was denied without discussion.[4] Ms. Packheiser filed a timely notice of appeal on January 23, 2004.

## ANALYSIS

Ms. Packheiser's primary contention on appeal is that the trial court failed to exercise its discretion when it denied her Rule 41(b) motion to vacate without considering, first, her reasons for failing to comply with Rule 4(m), and second, the prejudice that would result from dismissal of her complaint. She argues that the

"trial court's mechanical application of Rule 4(m)'s dismissal requirement to a Rule 41(b) motion effectively makes Rule 41(b) unavailable to all Rule 4(m) dismissals."[5] We agree. Accordingly, we vacate the trial court's order and remand the case for an informed exercise of discretion.

◼ While we have recognized that "[t]he decision whether to vacate a dismissal under Rule 41(b) is clearly a matter of trial court discretion," see *Wagshal v. Rigler*, 711 A.2d 112, 114 (D.C.1998) (citing *Cameron v. Washington Metro. Area Transit Auth.*, 649 A.2d 291, 294 (D.C. 1994)), we have also noted that this discretion is not unlimited. "[I]t is a fundamental principle of appellate deference to the exercise of discretion that it must be undertaken with a proper appreciation of all relevant factors, including the range of such discretion." *Id.* (citing *Smith v. Alder Branch Realty Ltd. P'ship*, 684 A.2d 1284, 1289 (D.C.1996); *In re D.R.M.*, 570 A.2d 796, 803 (D.C.1990); *Johnson v. United States*, 398 A.2d 354, 363–65 (D.C. 1979)).

◼ Additionally, "we [have] recognized that the trial court's exercise of discretion under Rule 41(b) must, for Rule 4(m) dismissals, include (1) consideration of the reasons for the plaintiff's failure to comply with the rule, and (2) prejudice to the plaintiff and lack of prejudice to the defendant accruing from the dismissal." *Wagshal*, 711 A.2d at 114 (citing *Bulin v. Stein*, 668 A.2d 810, 815 (D.C.1995) (citing *Cameron, supra*, 649 A.2d at 293–94) (footnote

---

**3.** On December 5, 2003, Ms. Packheiser filed a motion to extend time to effectuate service pursuant to Rule 6(b), arguing that her "inability to effect service falls within the realm of excusable neglect."

**4.** The trial court simply noted that Ms. Packheiser's motion was denied "pursuant to Rule 4(m)."

**5.** Ms. Packheiser also claims, in the alternative, that the trial court abused its discretion by failing to vacate its order of dismissal. She argues that the record is replete with evidence of her good faith efforts to serve Dr. Miller and that, by contrast, there is no evidence that Dr. Miller will be prejudiced by reinstatement of the complaint. Given our disposition, we do not reach this claim.

omitted)). "Furthermore, we have suggested that other factors are relevant, such as the plaintiff's efforts to comply with the civil-procedure rules generally." *Id.* (citing *Cameron, supra,* 649 A.2d at 294).

■ Rule 4(m) provides in relevant part:

> *Time limit for service.* Within 60 days of the filing of the complaint ... the plaintiff must file either an acknowledgment of service or proof of service of the summons, the complaint and any order directed by the Court to the parties at the time of filing. The acknowledgment or proof shall be filed as to each defendant who has not responded to the complaint. Prior to the expiration of the foregoing time period, a motion may be made to extend the time for service. The motion must set forth in detail the efforts which have been made, and will be made in the future, to obtain service. The Court shall extend the period for such time as may be warranted by circumstances set forth in the motion. Failure to comply with the requirements of this Rule shall result in the dismissal without prejudice of the complaint.

"The language of this rule is plain and unambiguous." *Cameron,* 649 A.2d at 293. The rule confers no discretion on the trial court in the event of noncompliance; rather, failure to timely file proof of service mandates dismissal. *See Wagshal, supra.* However, the trial court is given "broad power to extend without limitation the period for compliance if timely requested." *Id.* at 114.

■ Although the language of Rule 4 makes it appear some what mechanical in application, we have observed that "Rule 4(m) must be read in conjunction with other relevant provisions, several of which provide a safe harbor from its otherwise strict dismissal requirement." *Id.* at 114. "Most notably, Rule 41(b) ... provides that a Rule 4(m) order of dismissal does not even take effect until fourteen days after the dismissal is docketed, and that such order 'shall be vacated upon the granting of a motion filed by plaintiff within such 14 day period showing good cause why the case should not be dismissed.' " *Id.* at 114–15. Thus, the "critical question in the case before us" is the propriety of "the trial court's treatment of the requirement in Rule 41(b) that [Ms. Packheiser] show 'good cause why the case should not be dismissed.' " *Id.* at 115.

■ In this case, the trial court informed Ms. Packheiser that she would have an opportunity to respond to Dr. Miller's second motion to quash service and dismiss the complaint at the status conference scheduled for December 19, 2003. Then, without warning or explanation, the trial court granted Dr. Miller's motion to dismiss the complaint. The trial court simultaneously denied Ms. Packheiser's Rule 6(b) motion to extend the time to effect service, noting only that good cause had not been shown to warrant the extension.[6] Shortly thereafter, Ms. Packheiser filed a Rule 41(b) motion to vacate, arguing that "there [was] good cause why [her] case should be reinstated." Ms. Packheiser noted that she "ha[d] been diligent in her efforts to serve Dr. Miller"; that she "at all times acted in good faith"; that she worked closely with the Superior Court's "*pro se* handbook"; that "dismissal ... may be fatal to [her] claim since the statute of limitations ha[d] ... run on her

---

6. We are not persuaded by Dr. Miller's argument that the trial court's denial of Ms. Packheiser's Rule 6(b) motion makes her entire appeal moot. Ms. Packheiser does not appeal this ruling; rather, she appeals the trial court's denial of her Rule 41(b) motion to vacate. This is a distinct issue which does not hinge on her Rule 6(b) motion.

claim"; and that "Dr. Miller [would] not be prejudiced since he ha[d] received actual notice [of the suit]."

Without explanation, the trial court denied Ms. Packheiser's Rule 41(b) motion to vacate. The trial court failed to consider either "the reasons for [Ms. Packheiser's] failure to comply with the rule" or the "prejudice to [Ms. Packheiser] and lack of prejudice to [Dr. Miller] accruing from the dismissal." *Wagshal,* 711 A.2d at 114. Nor did the trial court weigh Ms. Packheiser's "efforts to comply with the civil-procedure rules generally." *Id.* Instead, the trial court mechanically denied the motion "pursuant to Rule 4(m)." As noted above, however, "Rule 4(m) must be read in conjunction with other relevant provisions," including Rule 41(b). *Id.* The failure of the trial court to make any express findings regarding the factual circumstances of Ms. Packheiser's motion leads us to conclude that the trial court either declined to exercise its discretionary power or failed to recognize the extent of its discretionary power. In either scenario, the trial court's order was erroneous. *See Johnson v. United States,* 398 A.2d 354, 367 (D.C.1979) ("[R]eversal should follow if it is discerned that the trial court did not recognize its capacity to exercise discretion or did not purport to exercise it.") (citing *Berryman v. United States,* 378 A.2d 1317, 1320 (D.C.1977); *Brown v. United States,* 388 A.2d 451 (D.C.1978)).

Accordingly, we vacate the trial court's order and remand the case for an informed exercise of discretion and further proceedings consistent with this opinion.

*So ordered.*