Haddiyyah MUHAMMAD, Appellant,

v.

VILLAGE LEARNING CENTER,
Appellee.

No. 04–CV–526.

District of Columbia Court of Appeals.

Submitted Sept. 20, 2005.

Decided Oct. 13, 2005.

Franklyn N. Burke, Washington, was on the brief for appellant.

Village Learning Center, pro se.

Before FARRELL and REID, Associate Judges, and KING, Senior Judge.

REID, Associate Judge.

Appellant Haddiyyah Muhammad filed a complaint against appellee Village Learning Center, seeking damages for alleged negligence and negligent infliction of emotional distress. In response to an order dismissing the complaint under Super. Ct. Civ. R. 4(m), Ms. Muhammad filed a "motion to extend time for service and for other relief," including an order to reinstate the complaint. The trial court denied the motion and Ms. Muhammad noticed an appeal. Because the trial court failed to address the request that the complaint be reinstated, we vacate its order of dismissal and remand this case to the trial court for an informed exercise of discretion.

## FACTUAL SUMMARY

The record on appeal shows that Ms. Muhammad, the grandmother and guardian of L.E. and D.W., filed her complaint in the trial court on January 23, 2004. She alleged that on or about January 22, 2001, a teacher at appellee's public charter school drove his son, L.E., and another student "to an isolated area, where he tried to urge [his son and the other child] to attack L.E." As a result of this incident, L.E. allegedly "began to suffer from bladder problems, frequent urination, which worsened." On January 30, 2001, a substitute teacher refused L.E.'s request to go to the bathroom, and instead, gave him a cup and directed him "to urinate in the cup in the presence of the class." L.E. felt "ashamed" and "humiliated." The complaint declared that as a result of the first two incidents, another teacher in appellee's school "began a campaign of harassment of [Ms. Muhammad's] wards," which resulted in a door being slammed on

one of her wards, D.W., on February 12, 2001. On the same day, the arm of the same ward was injured.

Ms. Muhammad included two causes of action in her complaint. One alleged negligent infliction of emotional distress on L.E., as well as negligent supervision of the child. The other cause of action claimed negligent supervision of D.W., causing injury, physical and mental pain and distress. She demanded "in excess of $50,000."

On April 2, 2004, in accordance with Super. Ct. Civ. R. 4(m), the trial court entered an order dismissing the complaint without prejudice, when Ms. Muhammad failed to "file either an acknowledgment of service or proof of service of the summons [and the complaint] ...." Ms. Muhammad filed a "motion to extend time for service and for other relief." As reasons for her motion she indicated that

1. The prior counsel is no longer in practice.

2. The complaint was not served.

3. The complaint would be served in the next 10 days.

The motion explicitly requested both "an extension of time to serve the summons and complaint," and "reinstate[ment of] this case." The trial judge denied the motion to extend time, but was silent as to the reinstatement of the case. Only one reason was given for the trial court's denial of the request for extension of time: "The ... matter ... was dismissed without prejudice by the Civil Clerk's Office pursuant to Superior Court Civil Procedure Rule 4(m) on April 2, 2004."

## ANALYSIS

Ms. Muhammad contends that the trial court "misread" her motion. Specifically, she claims that the trial court overlooked the fact that she requested reinstatement of her complaint, and asked for ten days in which to serve the Village Learning Center.[1]

Super. Ct. Civ. R. 4(m) mandates dismissal if "[w]ithin 60 days of the filing of the complaint ...," the plaintiff has not filed the requisite proof of service. Under such circumstances, the trial court has no discretion since the rule states: "The Clerk shall enter the dismissal and shall serve notice thereof on all the parties entitled thereto." *Id.; see also Gross v. District of Columbia,* 734 A.2d 1077, 1086 (D.C.1999) ("[Rule 4(m) ] confers no discretion in the event of noncompliance; in the most straightforward manner, failure to timely file proof of service compels automatic dismissal.") (quoting *Wagshal v. Rigler,* 711 A.2d 112, 114 (D.C.1998) (internal quotation marks omitted)). Because of Rule 4(m)'s mechanical, rather than dispositive nature, the dismissal " 'can only be made without prejudice.' " *Id.*

Our case law teaches, however, that in any new action, or re-filed action, the Rule 4(m) dismissal may in fact operate as a dismissal with prejudice if the statute of limitations for the cause of action has expired. *See Dorsey v. District of Columbia,* 839 A.2d 667, 669 (D.C.2003) ("[A]ny re-filed complaint would not have been viable because ... the statute of limitations period governing [plaintiff's] claim expired three days after the complaint was filed."); *Wagshal, supra,* 711 A.2d at 113 ("[T]he Clerk of the Superior Court, pursuant to

---

**1.** Appellee did not file a brief. After this court determined that appellee had moved, had failed to provide the court with a new mailing address, and did not file a brief, an order issued directing the appeal to be scheduled "on the record on appeal and appellant's brief alone." When counsel for appellant did not appear for the oral argument, the case was submitted.

Rule 4(m), entered a dismissal of the complaint .... [B]ecause the statute of limitations had run, this would in effect be a dismissal with prejudice assuming that [defendants] raised that defense in a new action.").

In contrast, a reinstated complaint has a different connotation. As we said in *Johnson v. Payless Shoe Source, Inc.*, 841 A.2d 1249 (D.C.2004), in the case of a reinstated case, "an action is not revived or brought anew upon entry of an order vacating dismissal under Rule 41(b); the procedural clock is not reset, nor are valid filing and service of the complaint rendered ineffective." *Id.* at 1253. Thus, under the circumstances of the case before us, a motion for reinstatement is critical, because "denial of [Ms. Muhammad's] motion to vacate dismissal of her complaint would result in extreme prejudice to [her]. In light of the fact that the action was filed on the last day [or close to the last day] of the limitations period[s], a denial of the motion would convert what ordinarily is a dismissal without prejudice under Rule 4(m) into a dismissal with prejudice." *Id.* at 1258 (referencing *Wagshal, supra,* 711 A.2d at 113).

Ms. Muhammad's motion falls under Super. Ct. Civ. R. 41(b), which mandates that an order of dismissal "shall be vacated upon the granting of a motion filed by plaintiff within ... 14 day[s] [after the date the order is docketed] ... showing good cause why the case should not be dismissed." The decision whether to vacate an order of dismissal is committed to the sound discretion of the trial court, and we will reverse that decision only on a showing of abuse of discretion. *See Cameron v. Washington Metro. Area Transit Auth.,* 649 A.2d 291, 294 (D.C.1994).

▬ It is axiomatic that the trial court must recognize and exercise its discretion. *See Johnson v. United States,* 398 A.2d 354, 363 (D.C.1979) ("Failure to exercise choice in a situation calling for choice is an abuse of discretion—whether the cause is [lack of awareness] of the right to exercise choice or mere intransigence—because it assumes the existence of a rule that admits of but one answer to the question presented.") (citations omitted). Here, the trial court failed to exercise its discretion on the question as to whether Ms. Muhammad's complaint should be reinstated. Indeed, from its written explanation the court appeared to believe that Ms. Muhammad had available the simple expediency of refiling the complaint ("[t]he ... matter ... was dismissed without prejudice."). As we have seen, however, the option of re-filing in fact was not available to her. Hence, the court abused its discretion.

We have set forth previously factors to be considered during the exercise of discretion under Rule 41(b). Indeed, we recently reviewed a similar Rule 4(m)/Rule 41(b) case where the trial court failed to exercise its discretion. In *Packheiser v. Miller,* 875 A.2d 645 (D.C.2005) we said, in part:

> It is a fundamental principle of appellate deference to the exercise of discretion that it must be undertaken with a proper appreciation of all relevant factors, including the range of such discretion. Additionally, we [have] recognized that the trial court's exercise of discretion under Rule 41(b) must, for Rule 4(m) dismissals, include (1) consideration of the reasons for the plaintiff's failure to comply with the rule, and (2) prejudice to the plaintiff and lack of prejudice to the defendant accruing from the dismissal. *Wagshal,* 711 A.2d at 114 (citing *Bulin v. Stein,* 668 A.2d 810, 815 (D.C. 1995)) (citing *Cameron, supra,* 649 A.2d 291, 293–94 (D.C.1994) (footnote omitted)). Furthermore, we have suggested that other factors are relevant, such as

the plaintiff's efforts to comply with the civil-procedure rules generally. *Id.* (citing *Cameron, supra,* 649 A.2d at 294).

*Id.* at 648–49 (other citations omitted). We are faced with the precise situation here as we confronted in *Packheiser.* Instead of exercising its discretion and examining factors relevant to the disposition of a Rule 41(b) motion to reinstate the complaint, "the trial court mechanically denied the motion 'pursuant to Rule 4(m).'" *Id.* at 650.

Accordingly, for the foregoing reasons, "we vacate the trial court's order and remand the case for an informed exercise of discretion." *Id.* at 648.

*So ordered.*