**Eulane D. GIBSON, et al., Appellants,**

v.

**Curtis FREEMAN, et al., Appellees.**

**No. 06–CV–601.**

District of Columbia Court of Appeals.

Submitted Jan. 7, 2008.

Decided Feb. 7, 2008.

David E. Fox, Washington, was on the brief for appellants.

No appearance for appellees.

Before FARRELL, FISHER, and THOMPSON, Associate Judges.

THOMPSON, Associate Judge:

Plaintiffs/appellants Eulane Gibson, Johnetta Gibson, Jonathan Matthews, and Richard Byrd moved to enlarge the time for service of process on defendants/appellees Curtis Freeman and GEICO Insurance Company. The trial judge denied the motion, and the trial court dismissed the complaint pursuant to Super. Ct. Civ. R. 4(m).[1] Plaintiffs/appellants then filed a motion for reconsideration, which the court denied, treating the motion as a motion to vacate the dismissal pursuant to Super. Ct. Civ. R. 41(b). In this appeal from denial of the motion to vacate, appellants argue that the trial judge failed to consider factors that this court has deemed important to a trial court's proper exercise of discretion when the court considers a request to vacate a Rule 4(m) dismissal. We agree with appellants, and therefore remand so that the trial judge may consider the motion to vacate in light of all the factors that this court has said are relevant to the trial court's decision.[2]

## I.

This case arises out of an automobile accident that occurred on February 18, 2003. On February 16, 2006—near what appears to be the end of the limitations period[3]—appellants filed a complaint al-

---

**1.** In pertinent part, Rule 4(m) provides as follows:

Time limit for service. Within 60 days of the filing of the complaint or, if an order of publication has been issued, within 60 days from the return date specified in the order, the plaintiff must file either an acknowledgment of service or proof of service of the summons, the complaint and any order directed by the Court to the parties at the time of filing. The acknowledgment or proof shall be filed as to each defendant who has not responded to the complaint. Prior to the expiration of the foregoing time period, a motion may be made to extend the time for service. The motion must set forth in detail the efforts which have been made, and will be made in the future, to obtain service. The Court shall extend the period for such time as may be warranted by circumstances set forth in the motion. Failure to comply with the requirements of this Rule shall result in the dismissal without prejudice of the complaint.

Super. Ct. Civ. R. 4(m).

**2.** The complaint names Freeman, GEICO, and one John Enyman as defendants. Plaintiffs'/appellants' motion seeking an enlargement of time for service did not mention Enyman, and appellants' Notice of Appeal also does not list Enyman as a party. Accordingly, we do not disturb the trial court's order of dismissal as it affects Enyman.

**3.** *See* D.C.Code § 12–301(8) (2001) (establishing a three-year limitations period for actions "for which a limitation is not otherwise specifically prescribed").

leging that a vehicle owned by Freeman and insured by GEICO negligently struck the vehicle in which appellants were traveling, causing appellants severe injuries.[4] On April 7, 2006, appellants timely filed a one-paragraph Motion to Enlarge Time to Serve pursuant to Rule 4(m), explaining only that "Defendant Freeman appears to have moved and the [certified mail receipt] regarding the Corporate Defendant has not been returned by the post office." The trial court denied the motion on April 12, 2006, stating that it was "substantively deficient" in that it failed to "set forth in detail the efforts which have been made, and will be made in the future, to obtain service" as required by Rule 4(m). Pursuant to Rule 4(m), the trial court *sua sponte* entered an order dismissing the complaint, without prejudice.

Plaintiffs/appellants timely filed their Motion to Reconsider on April 25, 2006, acknowledging that their prior motion had "not carefully delineated" their efforts at service. The memorandum of points and authorities and process server's affidavit accompanying the motion set out the following facts: On March 9, 2006, appellants' process server went to defendant Freeman's last known address in an attempt to serve him, but could not locate Freeman and was advised by a resident at that address that Freeman no longer lived there. In order to locate Freeman, plaintiffs/appellants had engaged a "skip trace" firm, which had not had enough time to complete its work. Appellants had sent a summons to GEICO by certified mail, but the Post Office did not return the green receipt card within the original service period.

In its April 28, 2006 order denying appellants' request to vacate the dismissal the trial court acknowledged the foregoing but stated that plaintiffs'/appellants' motion "provides no other information about their future plans for serving defendant Freeman and is utterly silent as to their future plans for serving the corporate defendant." Citing Rule 41(b), the court concluded that "[a]s the plaintiffs have persisted in their failure to comply with even the most rudimentary requirements of Rule 4(m), the Court cannot conclude that there is good cause why the case should not be dismissed." Appellants noted this timely appeal.

## II.

 · Super. Ct. Civ. R. 41(b) states that "[a]ny order of dismissal entered *sua sponte*, including a dismissal for failure to effect service within the time prescribed in Rule 4(m) ... shall be vacated upon the granting of a motion filed by plaintiff within such 14 day period showing good cause why the case should not be dismissed." While "[t]he decision whether to vacate a dismissal under Rule 41(b) is clearly a matter of trial court discretion," *Wagshal v. Rigler*, 711 A.2d 112, 114 (D.C.1998) (citation omitted), this discretion is not unlimited. Rather, "it must be undertaken with a proper appreciation of all relevant factors. ..." *Id.* (citations omitted). A trial court's "exercise of discretion under Rule 41(b) must, for Rule 4(m) dismissals, include (1) consideration of the reasons for the plaintiff's failure to comply with the rule, and (2) prejudice to the plaintiff and lack of prejudice to the defendant accruing from the dismissal." *Id.* at 114 (citing *Bulin v. Stein*, 668 A.2d 810, 815 (D.C. 1995)). "[O]ther factors are relevant" as well, including "plaintiff's efforts to comply with the civil-procedure rules generally." *Wagshal*, 711 A.2d at 114 (citation omitted). We review the trial court's interpre-

---

**4.** The complaint alleges that the vehicle owned by Freeman was being driven by Eny-

man, an uninsured motorist.

tation of Rule 41(b) de novo, *see District of Columbia v. Willis*, 612 A.2d 1275, 1278 (D.C.1992), and its determination regarding Rule 41(b) "good cause" for abuse of discretion. *See Bulin*, 668 A.2d at 815.

■ Here, the court's analysis in its order denying the Rule 41(b) motion stated that appellants' motion "provide[d] no other information about their future plans for serving defendant Freeman and [was] utterly silent as to their future plans for serving the corporate defendant." The court thus focused on the failure of the Rule 41(b) motion to cure those deficiencies of appellants' skimpy Motion to Enlarge Time, rather than on the factors described in *Wagshal*. *See* 711 A.2d at 114. We reject appellants' argument that it was "wrong" for the trial court to consider whether plaintiffs/appellants had a plan for how service could be effected; this was one of the "other factors" that the trial court could reasonably consider in exercising its discretion under Rule 41(b).[5] However, we are constrained to agree with appellants that the court's statement that appellants "persisted in their failure to comply with even the most rudimentary requirements of Rule 4(m)" was an overstatement as to defendant Freeman. Specifically, we agree that the information that appellants provided in their Rule 41(b) motion as to Freeman—their having hired a skip trace firm to locate him—

obviated the need for a more explicit explanation of future plans. The proffered explanation reasonably implied that appellants' future efforts would entail waiting for the skip trace firm to complete its efforts so that service could be re-attempted. Thus, we think the Rule 41(b) motion did cure, however minimally, appellants' prior failure to provide information about future efforts to serve Freeman.

■ We agree with the trial court that the Rule 41(b) motion (filed eighteen days after plaintiffs/appellants first reported that the green postal card had not been returned) provided no additional information about plaintiffs'/appellants' planned future efforts to serve GEICO if the complaint was reinstated and the time for service extended. But, as to both GEICO and Freeman, there were other factors that the trial court was required to consider, at least some of which, it appears, would weigh in favor of an order vacating the dismissal. As would have been apparent at the time the court ruled, the dismissal pursuant to Rule 4(m) most likely did amount to a dismissal with prejudice, because, unless tolled, the limitations period applicable to appellants' personal-injury suit had run by the time the dismissal order was entered. Thus, the dismissal "without prejudice" likely was "prejudic[ial] to the plaintiff[s]." *Wagshal*, 711 A.2d at 114.[6] Further, appellants com-

---

5. As appellants point out, in *Packheiser v. Miller*, 875 A.2d 645, 648 (D.C.2005), this court vacated the trial court's order refusing to vacate a dismissal under Rule 41(b), and remanded for a consideration of the factors described in *Wagshal*, even though the plaintiff, on the sixtieth day of the service period, filed only a praecipe in which she provided no information about future plans for service, and informed the court only that she had mailed the defendant a copy of the complaint via U.S. Postal Service certified mail and "had failed to receive confirmation of its delivery." *Packheiser*, 875 A.2d at 647. However, the opinion in *Packheiser* nowhere sug-

gested that it would be error for the trial court to take into account a plaintiff's failure to provide information about planned future efforts at service when considering a Rule 41(b) motion to vacate a dismissal.

6. As we noted in *Muhammad v. Village Learning Ctr.*, 884 A.2d 647, 648 (D.C.2005), however, a "Rule 4(m) dismissal may in fact [as here] operate as a dismissal with prejudice if the statute of limitations for the cause of action has expired"; *see also Bulin*, 668 A.2d at 816, 817 (finding "likely severe prejudice" from a dismissal because the limitations period had expired at the time of dismissal). That is not to say, of course, that prejudice arising

plied at least "generally" with the rules of civil procedure, timely filing their initial complaint; filing their Motion to Enlarge Time to Serve before the sixty-day service period had expired, and stating why service on Freeman had not been accomplished and why service on GEICO could not be proved; and filing their Motion to Reconsider the trial court's denial of their Motion to Enlarge Time to Serve within fourteen days and thus before the dismissal order took effect, as described in Rule 41(b).

The foregoing must be weighed against the prejudice to defendants who, sued when the limitations period was about to expire, were on the verge of repose and may have been left to believe that repose was theirs. *See Zuurbier v. MedStar Health, Inc.*, 895 A.2d 905, 909 (D.C.2006) ("A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose—unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were") (quoting *Rendall–Speranza v. Nassim*, 323 U.S.App. D.C. 280, 285, 107 F.3d 913, 918 (1997)); *see also Farris v. Compton*, 652 A.2d 49 (D.C.1994) (acknowledging a "potential defendant's interest in security against stale claims and in planning for the future without the uncertainty inherent in potential liability") (citation omitted). Our case law also makes relevant any updated information appellants may have about whether they would likely be able to obtain effective service if the dismissal is vacated. *Cf. Bulin*, 668 A.2d at 811, 813 (holding, in case where plaintiff had waited until "[t]hree days shy of three years later" to file its complaint, that "[w]here there have

from the statute-of-limitations bar against a new complaint entitles appellants to reinstatement of their timely-filed complaint. *Cf. Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 (3d Cir.1995) ("We emphasize that the

been unsuccessful attempts to effect service of process, dismissal is appropriate only if it is clear that the plaintiff cannot obtain effective service").

We conclude that a remand is in order so that the trial court may "consider[ ] all the factors, including prejudice and general compliance with the civil-practice rules, relevant to the good-cause determination." *Wagshal*, 711 A.2d at 114. We "vacate the order appealed from and remand the case for a renewed exercise of discretion and any further proceedings consistent with this opinion." *Id;* see also *Packheiser*, 875 A.2d at 648 (remanding so that the trial court could make an "informed exercise of discretion").

*So ordered.*

running of the statute of limitations does not require the district court to extend time for service of process") (construing the somewhat differently-worded federal Rule 4(m)).