**Achraf BABA, Appellant,**

v.

**Andrew S. GOLDSTEIN, Appellee.**

**No. 09–CV–389.**

District of Columbia Court of Appeals.

Submitted March 11, 2010.

Decided March 31, 2010.*

---

* The decision in this case was originally released as a Memorandum Opinion and Judgment on March 31, 2010. It is being published upon grant of appellant's motion to publish.

Fred B. Goldberg, Bethesda, MD, was on the brief, for appellant.

Thomas C. Green, Kristin Graham Koehler, David J. Ludlow, and Judith C. Gallagher, Washington, were on the brief, for appellee.

Before FISHER, Associate Judge, and FERREN and BELSON, Senior Judges.

FERREN, Senior Judge:

In this appeal, Achraf Baba challenges the dismissal of his civil complaint for assault and battery, occasioned because he failed to comply with Super. Ct. Civ. R. 4(m), which provides a deadline for service of process in a civil lawsuit. Baba argues that the trial court erred in failing to give due consideration to factors relevant to analyzing whether there was good cause why the case should not be dismissed. We agree that the court unduly narrowed its focus by excluding relevant factors from its consideration. We therefore must remand the case for the renewed exercise of trial court discretion.

## I.

The events giving rise to Baba's complaint took place on June 26, 2007. Baba

alleged that he was working as a pizza delivery man in the early hours of the morning when he arrived at defendant Andrew Goldstein's residence. Goldstein, apparently inebriated, refused to pay for the food, observing that it was late. When Baba would not relinquish the food, Goldstein allegedly took it and, without provocation, punched Baba in the mouth several times, fracturing Baba's jaw in two places.

Under the one-year statute of limitations applicable to intentional torts, Baba had until late June 2008 to sue Goldstein. *See* D.C.Code § 12–301(4) (2001). Within less than a month after the incident, however, Baba filed a complaint on July 11, 2007, alleging assault and battery. This complaint was dismissed without prejudice, for reasons not clear on the record. (Baba says that the dismissal resulted from his "show of good faith" in negotiations between the parties whereas Goldstein insists that dismissal was ordered because Baba had "failed to serve" Goldstein and "failed to appear at the initial scheduling conference.") Subsequently, on May 28, 2008, less than a month before the statute of limitations would have run, Baba filed the assault and battery complaint at issue in this appeal.

■ Pursuant to Super. Ct. Civ. R. 4, Baba had sixty days from the date of filing this complaint, or until July 27, 2008, to effect service on Goldstein and to "file either an acknowledgment of service or proof of service." Super. Ct. Civ. R. 4(m). Under Rule 4(m), Baba could make a motion to extend the time for service "[p]rior to the expiration of the foregoing time period." *Id.* A failure to comply with Rule 4(m) normally occasions a dismissal without prejudice. *Id.*

The case was set for a scheduling conference on September 5, 2008, before Judge Beck. At that conference, Baba did not appear, and it became apparent that no acknowledgment or proof of service had been filed within the time frame established by Rule 4(m). Judge Beck ordered the case dismissed without prejudice. In her Order, she stated: "As set forth in Rule 41(b) of the Superior Court Rules of Civil Procedure, such a dismissal is subject to a timely motion to vacate upon a showing of good cause why the case should not be dismissed." The Order directed Baba to "address all the factors set forth in *Cameron v. Washington Metro. Area Transit Auth.,* 649 A.2d 291, 293 (D.C. 1994), including an explanation for [his] failure to comply with the filing requirement in 4(m)." Baba was also instructed to "explain any prejudice [he] would suffer if the claim were dismissed, for example, that the statute of limitations has run." Pursuant to Rule 41, Baba had fourteen days within which to file this motion. *See* Super. Ct. Civ. R. 41(b).

In compliance with the rule and Judge Beck's Order, Baba filed a Rule 41(b) motion on September 12. He stated that his counsel's computer had "crashed" early in the summer, causing several important dates to be lost, including the date for the scheduling conference on September 5. He also stated that defendant Goldstein appeared to be evading service, and he detailed at least two unsuccessful attempts before expiration of the sixty-day deadline to serve Goldstein at last-known addresses. Baba stated the name of a process-serving company he had employed and attached an affidavit detailing the company's diligent attempts to serve Goldstein. Finally, as instructed by Judge Beck, Baba stated the prejudice he would suffer if the dismissal were not vacated, namely, that the one-year statute of limitations had run and thus that dismissal would operate as a dismissal with prejudice.

In an Order dated September 19, 2008, Judge Beck vacated the dismissal, stating:

"The court is satisfied, given the totality of the circumstances presented, that the Plaintiff has shown 'good cause why the case should not be dismissed.' *See* Super. Ct. Civ. R. 41(b)." The judge further ordered that Baba serve Goldstein and file an affidavit establishing service by November 17. After timely filing for an extension until January 20, 2009, Baba successfully served Goldstein on January 16, 2009, and on the same day filed an affidavit of service.

Meanwhile, a calendar shift at the beginning of 2009 caused the case to change hands from Judge Beck to Judge Long. On February 5, 2009, Goldstein filed a Motion to Dismiss Plaintiff's Complaint, alleging a violation of Rule 4(m) and essentially asking Judge Long to reconsider the Rule 41(b) motion on which Judge Beck already had ruled. On March 17, after receiving Baba's Opposition to Defendant's Motion to Dismiss, the court granted Goldstein's motion, dismissing the case. The Order stated that because the applicable statute of limitations had run, the dismissal would be with prejudice.

## II.

■■■ Baba focuses a good deal of his briefing on the question whether Judge Beck's Order was "correct." We agree with Goldstein, however, that our inquiry must focus instead on Judge Long's Order. *See Carter–Obayuwana v. Howard Univ.,* 764 A.2d 779, 792 n. 22 (D.C.2001) ("On appeal, the proper inquiry is whether the second trial judge's ultimate disposition was correct, and not whether that ruling was consistent with the first trial judge's holding"). Because Judge Long was essentially revisiting the issue on which Judge Beck had ruled—whether good cause existed for vacating the dismissal under Rule 41(b)—we review the court's disposition as we would a Rule 41(b) mo-

tion in the first instance. Our standard of review is abuse of trial court discretion. *Gibson v. Freeman,* 941 A.2d 1032, 1034–35 (D.C.2008); *Wagshal v. Rigler,* 711 A.2d 112, 114 (D.C.1998); *Bulin v. Stein,* 668 A.2d 810, 815 (D.C.1995).

The filing of Baba's complaint on May 28, 2008, tolled the statute of limitations. *See* Super. Ct. Civ. R. 3 ("A civil action is commenced by filing a complaint with the court"); *Varela v. Hi–Lo Powered Stirrups, Inc.,* 424 A.2d 61, 70 (D.C.1980) (en banc) (Rule 3 "requires only the filing of a complaint to commence an action and thereby toll the statute of limitations; any questions as to a lack of diligence on the part of a plaintiff in obtaining service of process are to be addressed by means of a motion filed pursuant to Super. Ct. Civ. R. 41(b)"). Thus, Baba's failure to effect timely service under Rule 4 "raised a consideration that is 'different and separable' from the consideration of whether his complaint was timely filed." *Miner v. CSX Transp., Inc.,* 626 A.2d 908, 910 (D.C. 1993). We have observed that although Rule 4(m) is "mechanical" in its application, once a plaintiff is found to have violated Rule 4(m), Rule 41(b) "provide[s] a safe harbor from [Rule 4(m)'s] otherwise strict dismissal requirement." *Wagshal,* 711 A.2d at 114. In *Wagshal,* we said:

> [T]he trial court here misconceived its discretionary powers by focusing only on the excuses offered for Wagshal's failure to comply with Rule 4(m) and not properly considering all the factors, including prejudice and general compliance with the civil-practice rules, relevant to the good-cause determination [under Rule 41(b) ].

711 A.2d at 114. We vacated the dismissal and remanded the case for a renewed exercise of the court's discretion. *Id.* at 117. We reached a similar result in *Bulin,* where the trial court did not give sufficient

consideration to the plaintiff's diligent attempts to comply with the rule. 668 A.2d at 815–16. More recently, we specifically identified *Wagshal* as the source of factors most pertinent to a good-cause determination, and we reversed and remanded because the court had failed to give due consideration to those factors. *Gibson*, 941 A.2d at 1036. We conclude that we must do so again here.

■ In its March 2009 Order, the court appears to have focused almost exclusively on the timeliness of Baba's service under Rule 4(m); "the true debate," the court stated, "dissolves into why a dismissal with prejudice is not required because of the plaintiff's failure to file proof of service prior to July 28, 2008." As we stressed in *Wagshal*, however, the proper inquiry is not whether the plaintiff has shown good cause for failure to comply with Rule 4(m), but rather, in a broader sense, whether the plaintiff has satisfied Rule 41(b)'s requirement to show "good cause why the case should not be dismissed." 711 A.2d at 115. Because this language is broader than simply asking whether the plaintiff has shown "good cause for failure to timely file proof of service," a Rule 41(b) analysis by definition requires a more complete assessment of the parties' circumstances and the good-faith attempts of the plaintiff to comply with the rules.

■ In a progression of decisions beginning with *Cameron* and continuing with *Bulin* and *Wagshal*, we identified the principal factors to be weighed by the trial court in exercising discretion under Rule 41(b) with respect to a Rule 4(m) violation. Consistent with Judge Long's observation, the most important factor is "the plaintiff's failure to comply with the rule." *Wagshal*, 711 A.2d at 116; *Bulin*, 668 A.2d at 815; *Cameron*, 649 A.2d at 294. But that is not the only important factor. A second is the prejudice to the plaintiff from having the complaint dismissed, considered against the prejudice to the defendant from having the case continue. *Wagshal*, 711 A.2d at 116; *Bulin*, 668 A.2d at 815; *Cameron*, 649 A.2d at 294. The third factor is whether the plaintiff has made a showing of "reasonable diligence" in attempting to comply with the rules. *Wagshal*, 711 A.2d at 116; *Bulin*, 668 A.2d at 815–16; *Cameron*, 649 A.2d at 294. Finally, we have clarified that still other factors may properly be considered. *See Gibson*, 941 A.2d at 1035 (rejecting appellant's argument that trial court erred in considering whether plaintiff had outlined plan for future service of process and holding this was among "other factors" court could consider). In the present case, the court focused almost exclusively on the first factor, the failure to comply with the requirements of Rule 4(m), to the exclusion of factors relevant under Rule 41(b).

■ While it is true that the responsibility to effect timely service ultimately rests with the plaintiff, the difficulties encountered by a plaintiff in serving a recalcitrant defendant are very important in considering whether good cause has been shown. In *Bulin*, for example, we reversed the trial court's dismissal because the court gave short shrift to the plaintiff's argument that he had made numerous attempts to serve the defendant but that the defendant had "taken affirmative measures to avoid being served." 668 A.2d at 816. While the "evasion" problem may not be relevant to a trial court's "mechanical" application of Rule 4(m) to dismiss a complaint, it is unquestionably relevant to the broader concern about good cause under Rule 41(b).

■ As to prejudice, the trial court appears to have found this factor irrelevant altogether, stating: "[T]his Court is well aware that granting the instant motion will result in plaintiff losing his opportunity to

pursue his case. That, of course, is not the measure of whether he actually has a right to maintain the lawsuit." It is true that a plaintiff cannot succeed in showing "good cause" *merely* by asserting that the defendant would suffer no prejudice if the case were allowed to proceed and that the plaintiff would suffer prejudice if the complaint were dismissed. *See Cameron,* 649 A.2d at 293. However, prejudice must be a factor in the court's good-cause determination. *See Wagshal,* 711 A.2d at 116 ("prejudice is a relevant consideration, both prejudice to the plaintiff and lack of prejudice to the defendant"); *Ripalda v. American Operations Corp.,* 673 A.2d 659, 661 n. 7 (D.C.1996) (same). The trial court failed to give appropriate weight to this factor, in a case where it appears that the balance of prejudices weighs heavily in Baba's favor. Contrary to the extreme prejudice that will result to Baba if the complaint is dismissed, it appears that Goldstein will not suffer any prejudice; he was actually served on January 16, 2009, and there is evidence that Goldstein "had actual notice of the action against him shortly after it had been commenced." *Bulin,* 668 A.2d at 817.

This is not a case where the trial court failed altogether to articulate its basis for denying relief from dismissal under Rule 41(b). *See, e.g., Packheiser v. Miller,* 875 A.2d 645, 650 (D.C.2005) (abuse of discretion where trial court "mechanically denied

the motion 'pursuant to Rule 4(m),' " without openly considering the Rule 41(b) factors). Rather, as in *Wagshal,* the court's error was in failing to give all relevant factors adequate consideration. 711 A.2d at 115. We note that the trial court never explicitly acknowledged that it was operating under Rule 41(b); rather, it fashioned its analysis as a determination simply of whether good cause had been shown for Baba's failure to abide by Rule 4(m). In sum, the court excessively narrowed its analysis and failed to take into account factors relevant to a good-cause analysis and in doing so abused its discretion.[1] *Wagshal,* 711 A.2d at 114. That being the case, we must ask the trial court to reconsider the dismissal, keeping in mind the framework our precedents establish.

*Reversed and remanded.*

1. The trial court focused a good deal on analyzing an incorrect argument Baba made in his motion filed with Judge Beck. Baba apparently argued to Judge Beck that because he had obtained a reissue summons on July 14, 2008, he had until September 14 to effect service. This despite the fact that Judge Beck had already warned Baba in her September 5 dismissal that "Reissuance of a summons by the Clerk's Office does not extend the time for filing proof of service." Judge Long was troubled by Baba's disregard for this admonition, and she stated, "In good conscience, this Court certainly cannot ignore the plaintiff's unwarranted reliance on the reissued summons." We cannot state that this consideration should have been irrelevant to the court's analysis, since we have held that the list of factors stated in *Wagshal* is not exhaustive. *See Gibson,* 941 A.2d at 1035 (court may properly consider "other factors" in determining good cause). We reiterate, however, that no one factor should be dispositive, and in analyzing "good cause why the case should not be dismissed," all factors should be taken into account in the larger context of prejudice and diligent efforts to comply with the rules.